**EXHIBIT C**



This Confidential Private Enterprise Document in its Entirety, and Total Contents, Including Transactions, Procedures, with all Facets and Counterparts Thereof, are the Exclusive Properties of Land Base, LLC, and are "Trade Secrets", Protected Under the "Economic Espionage Act"

# PRIVATE ENTERPRISE ASSETS EXCHANGE BENEFITS PARTICIPATION AGREEMENT
### (Hereinafter Referred to as: Transaction Code: 8885276-723)

## Article 1. Parties.

1.1    Land Base, LLC, a management team of individuals and / or corporate entities, and / or foundation represented by Mr. Boris Lopatin, of Land Base, LLC, P.O. Box 586, Beverly Hills, Ca. 90213 USA, United States of America citizen of Legal Age, bearer of United States Passport Number: 038825561 (Telephone: +1 310 917 1218, Facsimile No.: +1 310 393-7216, Mobil: +1 310 901-7474, E-mail: landbasellc@aol.com)(Hereinafter referred to as: "LB")

1.2    So Kevin and / or Lu Yan Lucy, a management team of individuals and / or corporate entities represented by Mr. So Kevin, Hong Kong Special Administrative Region, Peoples Republic Of China citizen of Legal Age, bearer of Hong Kong Special Administrative Region, Peoples Republic Of China Passport No: HA9022486, FT B 21/F Tower 1Park Towers, 1 King's Road North Point HK, HK SAR, Telephone: +86-20-3873-0888, Facsimile: +86-20-3873-0999, and / or Lu Yan Lucy, Canadian citizen of Legal Age, bearer of Canadian Passport No: VK095744, 51 Kimbark Crescent , Markham, Ontario, L3R 8P5 Canada, Telephone: +1 416 837-7687, Facsimile: +1 905 513-0552, E-mail: yanglucy@rogers.com (hereinafter referred to as: "SKLYL").

1.3    LB and SKLYL shall hereinafter be referred to collectively as the Parties. The Parties have concluded this Private Enterprise Assets Administration Benefit Participation Agreement (hereinafter referred to as Transaction Code: 8885276-723) at the Terms and Conditions as set forth hereinafter, and evidenced by this present Transaction Code: 8885276-723.

## Article 2.   Representations

2.1    Whereas,    SKLYL has certain assets in the amount(s) as stated in Schedule(s) "A" ("A1", "A2", "A3", "A*", if any) (hereinafter referred to

Initials:        SKLYL:               LB:

This Confidential Private Enterprise Document in its Entirety, and Total Contents, Including Transactions, Procedures, with all Facets and Counterparts Thereof, are the Exclusive Properties of Land Base, LLC, and are "Trade Secrets", Protected Under the "Economic Espionage Act"

as the Assets) and has the intent and the capacity to place the Assets, for the purpose herein set forth into an account in a mutually acceptable bank, (hereinafter referred to as SKLYL's Account), and

2.2 **Whereas,** LB has the capability to administer the exchange of the assets under the terms hereof to generate income for the benefit of the Parties.

2.3 **Whereas,** The Parties have mutually agreed to enter into **Transaction Code: 8885276-723,** for the purpose of facilitating, and jointly participating in the proceeds of a **Private Placement Opportunities (PPO)**, and in consideration of the mutual covenants and agreements hereinafter set forth and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, **Parties** hereby represent and warrant to each other that they have the full legal authority and power to enter into **Transaction Code: 8885276-723,** and that no consent or approval of any third party shall be required as a condition of the execution of **Transaction Code: 8885276-723,** or the performance of either Party hereinafter. **Parties** hereby agree and acknowledge that the execution of **Transaction Code: 8885276-723,** shall immediately establish any and all relationships between them for the purposes of participating in **Transaction Code: 8885276-723,** as set out herein.

Article 3. The Contributions, Warrants and Undertakings of the Parties.

3.1 SKLYL hereby agrees to provide Assets which are good, clean and clear of non-criminal origin, free from any and all liens, encumbrances, and / or restrictions of whatsoever nature, readily available, fully transferable, and by affiliation are legally generated, and are not in breach of any Anti-Money Laundering regulations as subscribed to member states of the Financial Actions Task Force, an pan-national entity organized by the Organization of Economic Cooperation and Development to initiate Transaction Code: 8885276-723. SKLYL hereby warrants that no person, entity, organization, group and / or country / state / nation that engages in, and / or sponsors, and / or directs, and / or funds, and / or gives any aid, comfort, and / or sanctuary or support, in any form and kind, to any person, entity, organization, group and / or country / state / nation that advocates, and / or engages in, and / or perpetrates acts of terrorism as defined and / or designated, and / or recognized by the Government of

Initials:        SKLYL:            LB:

This Confidential Private Enterprise Document in its Entirety, and Total Contents, Including Transactions, Procedures, with all Facets and Counterparts Thereof, are the Exclusive Properties of Land Base, LLC, and are "Trade Secrets", Protected Under the "Economic Espionage Act"

the united States of America, are not now, nor will they hereafter be a party to, share in, or derive any direct or indirect benefit from Transaction Code: 8885276-723.

3.2     That SKLYL also agrees and undertakes to assist LB in whatever way is necessary and generally to co-operate with LB and the parties structuring Transaction Code: 8885276-723, to the fullest, to ensure the successful completion of Transaction Code: 8885276-723, including but not limited to the provision of any and all due diligence material required by the various transacting parties, including regulatory authorities, and to execute without undue delay any and all documents and agreements required of SKLYL to facilitate Transaction Code: 8885276-723.

3.3     That SKLYL agrees and acknowledges that SKLYL has been informed through LB that in certain instances after the amount of benefits received by SKLYL, due to Transaction Code: 8885276-723, is in excess of One Hundred Million Dollars ($100MM) and then further to be defined in herein Schedule(s) "A1", ("A2", "A3", "A_*", if any) not less than Seventy Five Percent (75%) of SKLYL portion of the than net proceeds of Transaction Code: 8885276-723 may be required, upon the agreement of both parties, whose consent shall not be unreasonably withheld, to be used for SKLYL's development and related purposes for the betterment of mankind, including but not limited to: the creation of long term permanent jobs, education, health and medical facilities, restructuring and rebuilding of communities and all forms of infrastructures, communications and related work, and as requested, to provide evidence of such SKLYL's projects and their approximate value in US Dollars. SKLYL further confirms that SKLYL was informed by LB, and SKLYL understands that the regulatory and the appropriate related United States and/or international authorities shall approve thereto SKLYL's Projects, and could require an audit of said expenditure.

3.4     That SKLYL agrees and acknowledges that in the event Transaction Code: 8885276-723 requires that the principal sum (funds) set as the value of the Assets be reserved in its bank to establish a value in another mutually acceptable bank, SKLYL will do all within SKLYL's power to arrange and facilitate such a reservation of value by giving an irrevocable direction to the bank holding the funds to reserve the value as per

Initials:                    SKLYL:                  LB:

This Confidential Private Enterprise Document in its Entirety, and Total Contents, including Transactions, Procedures, with all Facets and Counterparts Thereof, are the Exclusive Properties of Land Base, LLC, and are "Trade Secrets", Protected Under the "Economic Espionage Act"

SKLYL's direction, including but not limited to the reservation of said value to the other branch of bank currently holding the funds, or to such other bank as may be determined. That SKLYL agrees and acknowledges that in the event of Transaction Code: 8885276-723 requires the principal sum (funds) set as the value of the Assets be moved from its current bank to another mutually acceptable bank, SKLYL will do all within SKLYL's power to arrange and facilitate such a transfer of funds by giving an irrevocable direction to the bank holding the funds to transfer the funds as per SKLYL's direction, including but not limited to the transfer of said funds to the other branch of bank currently holding the funds, or to such other bank as may be determined.

3.5   That SKLYL will sign or if appropriate will procure the execution of any documents subsequently required to give proper and full effect to this document for exclusive administration of hereto exchanges of the Assets as stated in Schedule(s) "A" ("A1", "A2", "A3", "A4", if any) by LB. That SKLYL further agrees and undertakes to provide LB with copies of all correspondence in relation to Transaction Code: 8885276-723, and to enter such other agreements or undertakings as may be required, from time to time, in order to complete Transaction Code: 8885276-723, and meet the obligations of the Parties hereunder.

3.6   That SKLYL agrees and acknowledges that Transaction Code: 8885276-723 is being structured specifically to create Benefits to accommodate SKLYL's own major Projects and those of LB's, and that this Transaction Code: 8885276-723 is necessary in order to accommodate SKLYL and LB. SKLYL further agrees and acknowledges that SKLYL can not enter into Transaction Code: 8885276-723, of the type contemplated herein except by way of an invitation to participate.

3.7   That SKLYL acknowledges and agrees that SKLYL is a sophisticated investor, and that SKLYL has sufficient time to consult any and all professional, legal or other advisors it deemed necessary prior to entering into Transaction Code: 8885276-723. SKLYL further agrees and undertakes to hold LB free and clear of any liability, responsibility, expenses or obligation for any losses SKLYL may incur (outside of Transaction Code: 8885276-723) because of entering into Transaction Code: 8885276-723.

Initials:          SKLYL:          LB:

This Confidential Private Enterprise Document in its Entirety, and Total Contents, Including Transactions, Procedures, with all Facets and Counterparts Thereof, are the Exclusive Properties of Land Base, LLC, and are "Trade Secrets", Protected Under the "Economic Espionage Act"

3.8   That LB hereby agrees and warrants that through its extensive range of international contacts in the financial service industry, it has been negotiating with experienced professionals in the matter of identifying, structuring, and facilitating Transaction Code: 8885276-723, and that when all the necessary documents have been provided to these professionals by SKLYL and LB, LB will be in a position to introduce SKLYL to the Individual(s), and their respective firms, with whom LB has been successfully dealing in this matter.

3.9   That LB agrees and undertakes to work with SKLYL and assist SKLYL in establishing the necessary structure(s) to participate in Transaction Code: 8885276-723 including, as necessary, all negotiations and provision of documents etc.

3.10  The Parties hereto acknowledge and agree that Transaction Code: 8885276-723 herein, is structured with the services of qualified and experienced professionals who deal with the underlying Investment Managers, Professionals, and Banks and carry out a pivotal role in the identification, negotiation and structuring of Transaction Code: 8885276-723. In certain instances LB is authorized to purchase or to reserve or cause to be purchased *Fixed Income Instruments (Assets) in which the Issuers shall have and maintain a current credit rating of Single "A+" or better as evidenced by Standard and Poor's, or equivalent such as Moody's* or herein Assets for hereto Transaction Code: 8885276-723, or causing the purchase of *Fixed Income Instruments (Assets) in which the Issuers shall have and maintain a current credit rating of Single "A+" or better as evidenced by Standard and Poor's, or equivalent such as Moody's* Investment Grade Financial Instruments through various Joint Venture Agreements, as well as LB has rights to appoint Agents, Representatives, "Traders" for hereto Transaction Code: 8885276-723, or to cause the purchase and re/sell of, *Fixed Income Instruments (Assets) in which the Issuers shall have and maintain a current credit rating of Single "A+" or better as evidenced by Standard and Poor's, or equivalent such as Moody's* to generate benefits as stated hereto.

3.11  That LB warrants and undertakes that at all times, SKLYL's Account must be holding either cash, *Fixed Income Instruments (Assets) in which the Issuers shall have and maintain a current credit rating of Single "A+" or*

Initials:                    SKLYL:                    LB:

This Confidential Private Enterprise Document in its Entirety, and Total Contents, Including Transactions, Procedures, with all Facets and Counterparts Thereof, are the Exclusive Properties of Land Base, LLC, and are "Trade Secrets", Protected Under the "Economic Espionage Act"

*better as evidenced by Standard and Poor's, or equivalent such as Moody's* (**if applicable**) **or combination thereof, of equal or greater value than the value of Assets on deposit,** or may remain in the same form but reserved via **Banking** means.

3.12 That due to LB's Assets Exchange Private Enterprise Administration Services and / or upon completion of *each trading Cycle Activities benefits are generated. "Benefits generated due to each trading Cycle Activities" shall be defined as the differential between Gross Amount of Funds that is utilized to Purchase Fixed Income Instruments (Assets) in which the Issuers shall have and maintain a current credit rating of Single "A+" or better as evidenced by Standard and Poor's, or equivalent such as Moody's and the re-sale of hereto-purchased Fixed Income Instruments (Assets) in which the Issuers shall have and maintain a current credit rating of Single "A+" or better as evidenced by Standard and Poor's, or equivalent such as Moody's,* **or any other activities due to Transaction Code: 8885276-723, the benefits are to be generated and therefore shall be paid as hereinafter stated below.**

3.13 Parties to this **Transaction Code: 8885276-723,** hereby warrant that this **Transaction Code: 8885276-723,** is not solicited and is non-security per the **Security & Exchange Acts 1933/1934** and any and all-applicable amendments.

3.14 That **Transaction Code: 8885276-723** does not create an employer/employee relationship, a partnership or a joint venture for tax purposes or for any other reason. Specifically, the **Parties** hereby agree that **Transaction Code: 8885276-723** does not in any way constitute the formation of a partnership or a joint venture, and the **Parties** agree that each and every reasonable construction or interpretation of any of the terms, provisions, or conditions of this **Transaction Code: 8885276-723** compels the conclusion that the formation of a partnership or a joint venture was not attempted and that neither a partnership nor a joint venture has been formed hereby. Thus, **Transaction Code: 8885276-723** shall not be construed in any way as an agreement to form a partnership or a joint venture. Further, that **Transaction Code: 8885276-723** shall not be construed as an **Investment Management Agreement or an Agency** with any and all **Investment Institutions.** Furthermore, **Transaction Code: 8885276-723** shall not be construed as establishing a **Partnership**

Initials:        SKLYL:          LB:

This Confidential Private Enterprise Document in its Entirety, and Total Contents, Including Transactions, Procedures, with all Facets and Counterparts Thereof, are the Exclusive Properties of Land Base, LLC, and are "Trade Secrets", Protected Under the "Economic Espionage Act"

relationship between the Parties, nor an agency of one party to the other, nor any other joint venture business structure other than that intended herein that is being the provision of mutually essential services delivered on an equal basis for the benefit of the proposed business and the sharing and distribution of all revenue, net benefits and other disbursement as set out herein.

3.15   That each party shall be Individually and Separately Liable for any taxes or Government impositions of any sort that may be due on income arising out of Transaction Code: 8885276-723, and also any other individual debts, liabilities, contracts or obligations of such Party to Transaction Code: 8885276-723. That the Parties acknowledge and agree that each of them shall be responsible to make all required filing, including tax returns, with the Federal and/or State and/or Provincial Governments in which they are respectfully domiciled and to pay any and all taxes, imposts, or levies which may be assessed to any of them respectively. That the Parties hereby authorize each other to disclose any information or details relative in such payments, provided such a demand for disclosure is legally made upon them by any Federal, State or Provincial Tax Authority, the local Tax Office or by a valid Court Order and only written notice is received by the Party to be reported upon.

3.16   That any Change or Modification to Transaction Code: 8885276-723 shall only be made in writing and agreed to by both Parties. No verbal Agreement shall have any binding effect whatsoever. No previously negotiated Agreements (if any) shall have any binding effect whatsoever. All amendments must be executed by all of the Parties hereto. Transaction Code: 8885276-723, and amendments thereto, if any, applies to all transactions throughout the full term after termination of Transaction Code: 8885276-723 as well as throughout all extensions thereof, and this includes all transactions being discussed or in progress on the effective date of Transaction Code: 8885276-723, as well as all follow-up, repeat, extended, and renegotiated transactions. In all cases Termination of Transaction Code: 8885276-723, can only occur upon the completion of trading cycles , and satisfactory conclusion of any other contractual obligations that had been entered by LB as a result of Transaction Code: 8885276-723. It shall be expressly stated that the term of Transaction Code: 8885276-723, shall be five years from the date of the

Initials:          SKLYL:                    LB:

This Confidential Private Enterprise Document in its Entirety, and Total Contents, Including Transactions, Procedures, with all Facets and Counterparts Thereof, are the Exclusive Properties of Land Base, LLC, and are "Trade Secrets", Protected Under the "Economic Espionage Act"

last contact between the Parties regarding any matter that may relate, either directly or indirectly, to Transaction Code: 8885276-723, including any activity or transaction or other agreement or document that may relate to Transaction Code: 8885276-723, either directly or indirectly. For the purpose of this paragraph, the term "last contact" means any contact that is made directly or through another person or intermediary and is made orally and/or in writing and/or by electronic means. Therefore, the full force and effect of Transaction Code: 8885276-723 with all of its words, sentences, terms, provisions, conditions, and appendices, shall govern any and all plans, actions, inactions, activities, communications, documents, agreements, and any other matter or process that may relate, either directly or indirectly, to the provision of services or the performance of duties in accordance with Transaction Code: 8885276-723. Transaction Code: 8885276-723 is effective immediately upon execution for the full term even when the last contact occurred at the time of execution and even though a Party makes the decision immediately upon or after execution not to proceed with any type of business activity and even though one or all activities and/or transactions fail or are not concluded, regardless of the cause and reason.

3.17 All amendments to Transaction Code: 8885276-723 must be clearly identified at the top of each page as an amendment. For example, "AMENDMENT NUMBER 1 EFFECTIVE ------------, 200-. " Each amendment shall clearly state the nature of the change to Transaction Code: 8885276-723, so that the change can be clearly understood by reading the amendment itself. An amendment that simply restates Transaction Code: 8885276-723, without identifying changes is void even if signed and dated by all signatories hereto.

3.18 The Parties hereby agree that all of the Parties are required to cooperate closely with each other in order to achieve implementation of Transaction Code: 8885276-723. The Parties hereby warrant that they will cooperate closely with each other in good faith to implement herein Transaction Code: 8885276-723.

3.19 That Transaction Code: 8885276-723 shall become legally binding and have full effect when all signatories hereto have executed this document. Transaction Code: 8885276-723 and Amendments thereto may be executed in two or more counterparts, each of which shall be construed as

Initials:          SKYL:          LB:

This Confidential Private Enterprise Document in its Entirety, and Total Contents, Including Transactions, Procedures, with all Facets and Counterparts Thereof, are the Exclusive Properties of Land Base, LLC, and are "Trade Secrets", Protected Under the "Economic Espionage Act"

an original, and all of which shall constitute one and the same Instrument. One copy of Transaction Code: 8885276-723 shall be lodged with SKLYL's Financial, Banking, Accounting or Legal Institution. In the event that any clause hereof shall be held to be invalid under the proper law hereof the remainder of Transaction Code: 8885276-723 shall remain valid and binding provided that the result thereof shall be to give substantial and proper effect to the terms hereof as executed by the Parties originally. Transaction Code: 8885276-723 shall be binding on the Parties hereto, their heirs, successors, and assigns by any course of events or legal action.

3.20   The Parties hereby agree that either Party without written consent of Both Parties may not assign Transaction Code: 8885276-723.

3.21   The Parties warrant and attest to each other with full responsibility that they are fully authorized and competent to enter into Transaction Code: 8885276-723 and are bound by its terms.

3.22   With respect to each transaction, SKLYL hereto specifically warrants and agrees that he will disclose to LB the name, address, telephone number, and facsimile numbers of all agents, intermediaries, and persons who may have made referrals (if any). SKLYL shall make all such disclosures immediately upon execution of Transaction Code: 8885276-723. Disclosure of the names, addresses, telephone numbers, and facsimile numbers of persons or firms who are intermediaries or referrals but who are not executing Transaction Code: 8885276-723 must be disclosed to LB who shall have knowledge of such persons or firms.

3.23   Neither Party shall be liable for any failure under the "Force Majeure Clause" as stated in the International Chamber of Commerce (ICC) Paris, rules and regulations, which are deemed to be incorporated herein.

3.24   The Parties agree that Transaction Code: 8885276-723 is valid for Five (5) years and is automatically renewable for an additional Five (5) years unless terminated under the terms hereof. No Party hereto shall, after the initial or extended term of Transaction Code: 8885276-723, use to his own advantage, or to the advantage of any other person, corporation, firm, partnership, trust, or representative of any government agency or

Initials:          SKLYL:          LB:

This Confidential Private Enterprise Document in its Entirety, and Total Contents, Including Transactions, Procedures, with all Facets and Counterparts Thereof, are the Exclusive Properties of Land Base, LLC, and are "Trade Secrets", Protected Under the "Economic Espionage Act"

ministry, any identifying or other information gained for or from the files or business of the other.

3.25 In the event that SKLYL wishes to terminate Transaction Code: 8885276-723 and to withdraw the Assets due to no return of above market rates as indicated by US Department of Treasury, SKLYL may provide Thirty (30) London, UK business days written notice to LB after initial Thirty (30) London, UK business days but within initial Ninety (90) London, UK business days, during the first year, and within Ninety (90) to Sixty (60) London, UK, business days period, prior to the following yearly anniversaries. LB shall have the same right to termination by similar written notice. In all cases Termination of Transaction Code: 8885276-723, can only occur upon the completion of trading cycles, and satisfactory conclusion of any other contractual obligations that had been entered by LB as a result of Transaction Code: 8885276-723.

3.26 All notices or other communications required or permitted to be given hereunder shall be in writing and shall be delivered personally or mailed, certified mail, return receipt requested, postage prepaid, or in a manner to insure mail delivery and evidence thereof, to the Party's last known valid address.

## Article 4. Non-disclosure, Non-circumvention, Good Faith.

The **Parties** hereto undertake to protect each other regarding standard **nondisclosure** and **non-circumvention** practices and to act at all times in good faith towards each other herein and in any subsequent transactions, extensions, additions or otherwise, as well as to maintain a "Total Silence".

4.1 Proprietary Interest.     Each Party to this Transaction Code: 8885276-723 agrees to respect the proprietary Interests and rights (hereinafter "the Property") of the other Party. Property shall include locations, communication numbers, documents, contracts, relationships and any and all relevant information relating to the herein Transaction Code: 8885276-723 including but not limited to the Banking relationships. Each and every associated Principal party introduced by one Party to another or by the other shall remain the exclusive Property of the introducing Party. Confidential information is the property and the business secret of a Party, notwithstanding disclosure by a Party or by a non-party source. Each Party

Initials:                SKLYL:                LB:



**This Confidential Private Enterprise Document in its Entirety, and Total Contents, Including Transactions, Procedures, with all Facets and Counterparts Thereof, are the Exclusive Properties of Land Base, LLC, and are "Trade Secrets", Protected Under the "Economic Espionage Act"**

hereto specifically warrants that he will keep all confidential information secret, and that any disclosure of the same shall be subject to written approval by the affected Party. Each Party hereto specifically warrants and agrees that he will not solicit or accept, in any manner, any business from sources or through contacts that are made known to him by another Party without the express written permission of the Party who made the source or contact known or available. Unauthorized disclosure of confidential information that is the property of LB, or other Party hereto, is a breach of this Transaction Code: 8885276-723 and shall subject the Party in breach to liquidated damages and to arbitration proceedings, upon proper notice hereunder, to determine additional damages and remedies.

4.2  The Parties hereto agree that they will protect and not disclose, either directly or indirectly, any confidential information disclosed by a Party without the prior express, written consent of the affected Party. For the purposes of this Transaction Code: 8885276-723, "*confidential information*" shall include, but is not limited to, any and all disclosures made by each to the other concerning:

    (a) Facts;
    (b) Figures;
    (c) Contracts;
    (d) Contacts;
    (e) Names of available or potential buyers and sellers;
    (f) Names of agents of available or potential buyers and sellers;
    (g) Descriptions;
    (h) Address;
    (i) Employees name;
    (j) Telephone numbers; telex numbers, facsimile numbers, or other means of access thereto;
    (k) Bank information, codes, or references;
    (l) Names of ministry or government officials;
    (m) Corporations, firms, partnerships, trusts, groups, brokers, individuals;
    (m) Information relating, directly or indirectly, to trade secrets, patents, or copyrights; and
    (n) Any such other information, either directly or indirectly, introduced or made known by a Party hereto that the disclosing Party asserts is confidential information.

Initials:           SKLYL:        LB:

This Confidential Private Enterprise Document in its Entirety, and Total Contents, Including Transactions, Procedures, with all Facets and Counterparts Thereof, are the Exclusive Properties of Land Base, LLC, and are "Trade Secrets", Protected Under the "Economic Espionage Act"

Any confidential information that comes into the possession of a Party from a non-party source which a Party to this **Transaction Code: 8885276-723** asserts is confidential information or which falls within the definitions contained in *subparagraphs: 4.2 (a) through 4.2 (n)* is protected by this **Transaction Code: 8885276-723** as if disclosed by the affected Party. The Party whose confidential information is disclosed is the "affected Party".

4.3   Each Party hereto agrees that he will not circumvent, either directly or indirectly, commissions, fees, remuneration, considerations, or benefits due to any other Party hereto. Each **Party** hereto agrees not to circumvent a **Party** regardless of whether any transaction is completed. For the purposes of this **Transaction Code: 8885276-723**, "circumvent" is defined as any act, contact, or negotiation with a person or entity that is made possible by the disclosure of confidential information which results in:
a) The damage or loss of "good will";
b) The loss of an opportunity or opportunities for business;
c) The loss of business; or
d) The loss or diminution of commissions, fees, remuneration, considerations, or benefits due to a Party hereto. The Parties shall not **plan and act** to avoid responsibilities and to **circumvent obligations and commitments**. This shall include any plan that is conceived, made, developed, formed, and executed and/or initiated and/or any action, inaction, activity, communication, document, agreement, and matter or process or means of interference that may relate, either directly or indirectly, to the provision of services and/or the performance of duties and/or the exercise of responsibilities and/or the full compliance with obligations and commitments in accordance with this **Transaction Code: 8885276-723**. Any plan, action, inaction, activity, communication, document, agreement, and matter or process or means of interference that may relate, either directly or indirectly, to this **Transaction Code: 8885276-723**, is prohibited if such is a cause or source of avoidance and/or circumvention, and it makes no difference that a Party or representative person or representative entity is an instrument an/or cause. Thus, included is "anything" by a **Party** or representative of a Party that may affect, either directly or indirectly, the exercise and/or fulfillment of responsibilities and/or complete compliance with obligations and commitments under this **Transaction Code: 8885276-723**, and/or any effort and/or action and/or inaction

Initials:                         SKLYL:                    LB:



This Confidential Private Enterprise Document in its Entirety, and Total Contents, Including Transactions, Procedures, with all Facets and Counterparts Thereof, are the Exclusive Properties of Land Base, LLC, and are "Trade Secrets", Protected Under the "Economic Espionage Act"

and/or activity and/or transaction and/or contract allowed and/or planned and/or pursued and/or made under and/or in relation to or in connection with this Transaction Code: 8885276-723. Also, the foregoing phrase: "Any effort to dislodge LB from his position or relationship is a breach of this Transaction Code: 8885276-723 and shall subject the Party in breach to liquidated damages and to arbitration proceedings, upon notice by LB, to determine additional damages and remedies.

4.4　This Transaction Code: 8885276-723 shall be binding on the Parties hereto and their:
  a) Corporations, firms, partnerships, trusts, and groups and their employees, agents, and representatives;
  b) Principals;
  c) Associates;
  d) Employees;
  e) Representatives;
  f) Agents;
  g) Consultants;
  h) Subsidiary or associated corporations, firms, partnerships, trusts, and groups and their employees, agents, and representatives; and
  i) Heirs, executors, successors, and assigns of the Parties.

4.5　The non-disclosure as set forth herein shall not apply as to information necessary to be disclosed to Accountants, Bankers, Solicitors, Lawyers, Governmental Agencies, Trustees, Directors, Brokers, Shareholders, or those to whom partial or full disclosure has previously been disclosed, as set forth and to be attached hereto and made apart hereof as if done verbatim. If disclosure is made to anyone in this section, they shall be also bound by the terms set forth herein.

4.6　In the event of a violation or breach of this Transaction Code: 8885276-723, each Party may report such violation or breach to the appropriate United States investigative and enforcement agencies for action. In addition, each Party may report such violation or breach to the appropriate investigative, enforcement and other authorities in the country or countries where the alleged offending Party is domiciled,

Initials:　　　　SKLY:　　　　LB:

This Confidential Private Enterprise Document in its Entirety, and Total Contents, Including Transactions, Procedures, with all Facets and Counterparts Thereof, are the Exclusive Properties of Land Base, LLC, and are "Trade Secrets", Protected Under the "Economic Espionage Act"

resides, or is conducting business, as well as to the appropriate international investigative and enforcement authorities.

4.7     Any controversy or claim arising out of or relating to this **Transaction Code: 8885276-723** regarding herein Article 4 Non-disclosures and / or non-circumvention, Good Faith which is not settled by the Parties, shall be subject to binding arbitration. In the event of a dispute, the following terms shall apply:

a)     Written notice, which shall include an explicit statement of the dispute, shall be given to the other **Party** by the aggrieved **Party** Upon breach of this **Transaction Code: 8885276-723** by a **Party**, such **Party** in breach, may be granted a period of three (3) **Washington, DC, U.S.A.**, business days in which to cure the breach by complying fully with the provision of this **Transaction Code: 8885276-723** that has been breached. If the breach is fully cured within the three (3) **Washington, DC, U.S.A.**, business days, an election may be made by **LB** to continue with performance and to waive liquidated damages. Exercise of the option to permit cure of a breach does not waive the right of **LB** in the absence of an express written waiver in the event that an election is made not to proceed or in the event of a later breach.

b)     If the dispute is not settled within thirty (30) **Washington, DC, U.S.A.**, business days from service of the notice, then the aggrieved **Party** shall initiate arbitration of the dispute immediately, in accordance with the terms and procedures for arbitration of international disputes by the **American Arbitration Association**. The place of arbitration shall be **Washington, DC. U.S.A.** Failure of a **Party** to appear, without a showing of good cause, shall entitle for other **Party** to an award.

c)     The decision and award made by the arbitrators shall include the award of all costs and expenses including attorney's fees and expenses, incurred by a **Party** as a result of the dispute, which shall be paid to the successful **Party** by the unsuccessful **Party** within thirty (30) **Washington, DC, U.S.A.**, business days after the award. In the event of circumvention, either directly or indirectly, or other dispute arising out of or relating to this **Transaction Code: 8885276-723**, the aggrieved **Party** shall be entitled to monetary compensation equal to the maximum fee, commission, remuneration, consideration, or benefit he would have received from such

Initials:                    SKLY:                    LB:

This Confidential Private Enterprise Document in its Entirety, and Total Contents, Including Transactions, Procedures, with all Facets and Counterparts Thereof, are the Exclusive Properties of Land Base, LLC, and are "Trade Secrets", Protected Under the "Economic Espionage Act"

transaction, and such other damages and relief as may be deemed appropriate. The sum allowed and relief granted shall be paid and become effective within the thirty (30) Washington, DC, U.S.A., business days period required for the payment of fees and expenses, unless otherwise specified in the arbitration decision. In addition, the aggrieved Party shall be entitled to damages, plus interest, and to such other relief as may be deemed appropriate. In the event of delay in complying with the order or decision or refusal or failure to comply, the aggrieved Party may file an enforcement action in the Courts of the District of Columbia, USA to compel compliance

## Article 5. Law, Jurisdiction and Arbitration

5.1 The Law of England and Wales shall be the proper Law of Transaction Code: 8885276-723 with exception of Article 4 that is to be governing by the Laws of District Columbia, USA.

5.2 In the event of the need for the arbitration, the Arbitration under Transaction Code: 8885276-723 shall be as follows with the exception as stated under Article 4 above:

5.2.1 Each Party shall nominate a person and such persons shall in turn nominate a third person, which shall be the Chairman of the arbitration procedure. In the event of a failure to agree on such third person, aforesaid person shall be appointed by the President for the time being of the Law Society of England and Wales.

5._ _ The decision of the said Arbitration shall be final and binding on the Parties hereto.

## Article 6.   Distribution of Benefits

The Parties acknowledge and agree that the intended result of Transaction Code: 8885276-723, activities shall be to generate net benefits for the Parties, which they shall distribute at LB's Instructions between them, in the percentage set out and agreed to herein. The net benefits shall be defined, as Gross revenue to the herein Parties, less Professional Services fees (if any). The net benefits will be divided into two parts and will be paid at LB's Instructions on a per occurrence basis as follows.

Initials:                SKLYL:                LB:

This Confidential Private Enterprise Document in its Entirety, and Total Contents, Including Transactions, Procedures, with all Facets and Counterparts Thereof, are the Exclusive Properties of Land Base, LLC, and are "Trade Secrets", Protected Under the "Economic Espionage Act"

6.1  One part in amount of one half of net benefits shall be to the account of, or as directed by SKLYL, unless otherwise is stated in Schedule(s) "A" ("A1", "A2", "A3", "A*", if any).

6.2  One part in amount of one half of Net Benefits shall be to the account of, or as directed by LB, unless otherwise is stated in Schedule(s) "A" ("A1", "A2", "A3", "A*", if any).

6.3  All costs of the Assets Exchange, fees, all and any bank charges related directly to Transaction Code: 8885276-723 will be borne equally by LB and SKLYL, unless otherwise is stated in Schedule(s) "A" ("A1", "A2", "A3", "A*", if any).

In witness whereof, since the Parties and Signatories have a complete and unambiguous understandings of all of the words, terms, provision and conditions Transaction Code: 8885276-723, and since the Parties and Signatories have determined on their own initiative and independent decision to accept and execute Transaction Code: 8885276-723, without any improper and undue influence, either real or perceived, and / or without any kind of improper external pressure or threat or compulsion or duress or coercion, either real or perceived, and in light of their complete and unambiguous understanding of Transaction Code: 8885276-723, EACH SIGNATORY HEREUNTO SETS HIS OR HER HAND IN PLACE, ON THE DATE SET FORTH BELOW.

or and on behalf of LB:

_____          _____
**Boris Lopatin**                                    Witness:

For and on behalf of SKLYL:

_____          _____
**So Kevin and / or Lu Yan Lucy**                    Witness:

Initials:          SKLYL:          LB:

This Confidential Private Enterprise Document in its Entirety, and Total Contents, Including Transactions, Procedures, with all Facets and Counterparts Thereof, are the Exclusive Properties of Land Base, LLC, and are "Trade Secrets", Protected Under the "Economic Espionage Act"

### Schedule "A"
### TO PRIVATE ENTERPRISE ASSETS EXCHANGE BENEFITS PARTICIPATION AGREEMENT
Between Land Base, LLC And So Kevin and / or  Lu Yan Lucy

As of this date of 11th day of April, 2005, the amount of Assets that So Kevin and / or Lu Yan Lucy, SKLYL, of Private Enterprise Asset Exchange Management Benefits Participation Agreement, under Transaction Code: 8885276-723, is ready to place for the Administration under Land Base, LB, LB, an approximate Principal Amount of Thirty Million dollars ($30,000,000.00), the description, and other pertinent data of the Assets are attached hereto.

SCA.1 The hereto Placement under Schedule "A" shall be known under Transaction Code: 8885276-723 (5AP) and shall be administrated under the auspices of "5th Avenue Partners Ltd.", Ten Dominion Street, London, EC2M 2EE, United Kingdom.

SCA.2 Under Transaction Code: 8885276-723 (5AP), SKLYL shall receive the benefits in amount of Fifty Percent (50%) of the *"Benefits generated due to each trading Cycle Activities up to the trading amount of Four Times of the* approximate Principal Amount of Thirty Million dollars ($30,000,000.00)". *"Benefits generated due to each trading Cycle Activities up to the trading amount of Four Times of the* approximate Principal Amount of Thirty Million dollars ($30,000,000.00)" *shall be defined as the differential between Gross Amount of Funds that is utilized to Purchase Fixed Income Instruments (Assets) in which the Issuers shall have and maintain a current credit rating of Single "A+" or better as evidenced by Standard and Poor's, or equivalent such as Moody's and the re-sale of hereto-purchased Fixed Income Instruments (Assets) in which the Issuers shall have and maintain a current credit rating of Single "A+" or better as evidenced by Standard and Poor's, or equivalent such as Moody's. Benefits to SKLYL at the direction of LB shall be paid without any deductions of Bank fees, other Professional Services fees and Intermediaries (Introducing Parties) fees (if any). Benefits to 5th Avenue Partners Ltd. shall be the rest of the revenue benefits generated and paid with deductions of Bank fees, Professional Services fees and Intermediaries (Introducing Parties) fees (if any). The benefits shall be paid at the 5th Avenue Partners Ltd. Instructions on a per occurrence basis to the accounts as instructed by the 5th Avenue Partners Ltd.*

Initials:                          SKLYL:                    LB:

This Confidential Private Enterprise Document in its Entirety, and Total Contents, Including Transactions, Procedures, with all Facets and Counterparts Thereof, are the Exclusive Properties of Land Base, LLC, and are "Trade Secrets", Protected Under the "Economic Espionage Act"

**SCA.3** Under Transaction Code: 8885276-723 (5AP), 5th Avenue Partners Ltd shall issue an Irrevocable Bank Instruction to govern SKLYL's segregated account that is to be lodged with the Bank as stated hereto (Exhibit "HSA").

**SCA.4** Under Transaction Code: 8885276-723 (5AP), LB shall report to SKLYL once a month, all monthly *Trading Cycle Activities* of 5th Avenue Partners Ltd, regarding *Purchase of Fixed Income Instruments (Assets) in which the Issuers shall have and maintain a current credit rating of Single "A+" or better as evidenced by Standard and Poor's, or equivalent such as Moody's and the re-sale of hereto-purchased Fixed Income Instruments (Assets) in which the Issuers shall have and maintain a current credit rating of Single "A+" or better as evidenced by Standard and Poor's, or equivalent such as Moody's. Trading Cycle Activities* shall be within lodged Irrevocable Bank Instruction that is governing SKLYL's account. Such report shall be delivered by LB to SKLYL via Secured electronic means, and shall include the pertinent data, not limited to the Name of the Issuer, ISN of each Instrument, e.t.c.

In witness whereof, since the Parties and Signatories have a complete and unambiguous understandings of all of the words, terms, provision and conditions Transaction Code: 8885276-723 (5AP), and since the Parties and Signatories have determined on their own initiative and independent decision to accept and execute Transaction Code: 8885276-723 (5AP), without any improper and undue influence, either real or perceived, and / or without any kind of improper external pressure or threat or compulsion or duress or coercion, either real or perceived, and in light of their complete and unambiguous understanding of Transaction Code: 8885276-723 (5AP), EACH SIGNATORY HEREUNTO SETS HIS OR HER HAND IN PLACE, ON THE DATE SET FORTH BELOW:

For and on behalf of LB:

_____          _____

*Boris Lopatin*                          *Witness:*

For and on behalf of SKLYL:

_____          _____

*So Kevin and / or  Lu Yan Lucy*              *Witness:*

Initials:                    SKLYL:                LB:

This Confidential Private Enterprise Document in its Entirety, and Total Contents, Including Transactions, Procedures, with all Facets and Counterparts Thereof, are the Exclusive Properties of Land Base, LLC, and are "Trade Secrets", Protected Under the "Economic Espionage Act"

# Exhibit "HSA"
## Irrevocable Bank Instruction

To: Bank Officer

We, 5th Avenue Partners Ltd, on behalf of our client, So Kevin and / or Lu Yan Lucy hereby irrevocably instruct you to proceed with the following:

1. Purchase or cause to be purchased Fixed Income Instruments (Assets) in which the Issuers shall have and maintain a current credit rating of Single "A+" or better as evidenced by Standard and Poor's, or equivalent such as Moody's, as directed by undersigned, 5th Avenue Partners Ltd.  Execute the re-sale of such herein described Fixed Income Instruments (Assets) as directed by undersigned, 5th Avenue Partners Ltd. Benefits due to the trade shall be disbursed as directed by undersigned, 5th Avenue Partners Ltd, as stated below:

*So Kevin and / or Lu Yan Lucy shall receive an amount of Fifty Percent (50%) of the "Benefits generated due to each trading Cycle Activities up to the trading amount of Four Times of the approximate Principal Amount of Thirty Million dollars ($30,000,000.00)". "Benefits generated due to each trading Cycle Activities up to the trading amount of Four Times of the approximate Principal Amount of Thirty Million dollars ($30,000,000.00)" shall be defined as the differential between Gross Amount of Funds that is utilized to Purchase Fixed Income Instruments (Assets) in which the Issuers shall have and maintain a current credit rating of Single "A+" or better as evidenced by Standard and Poor's, or equivalent such as Moody's and the re-sale of hereto-purchased Fixed Income Instruments (Assets) in which the Issuers shall have and maintain a current credit rating of Single "A+" or better as evidenced by Standard and Poor's, or equivalent such as Moody's.  Benefits to So Kevin and / or Lu Yan Lucy shall be paid without any deductions of Bank fees, other Professional Services fees and Intermediaries (Introducing Parties) fees (if any). Benefits to 5th Avenue Partners Ltd. shall be the rest of the revenue benefits generated and paid with deductions of Bank fees, Professional Services fees and Intermediaries (Introducing Parties) fees (if any). The benefits shall be paid at the 5th Avenue Partners Ltd. Instructions to the accounts as instructed by the 5th Avenue Partners Ltd.*

2. Upon receipt and clearance of the payments for the Fixed Income Instruments (Assets), into this segregated account please proceed with further Purchase of Fixed Income Instruments (Assets) in which the Issuers shall have and maintain a current credit rating of Single "A+" or better as evidenced by Standard and Poor's, or equivalent such as Moody's, as directed by undersigned, 5th Avenue Partners Ltd. Also execute the further re-sale of such hereto described Fixed Income Instruments (Assets) as directed by undersigned, 5th Avenue Partners Ltd. Distribution of revenue benefits shall be as above stated.

Initials:                SKLYL:                LB:

This Confidential Private Enterprise Document in its Entirety, and Total Contents, Including Transactions, Procedures, with all Facets and Counterparts Thereof, are the Exclusive Properties of Land Base, LLC, and are "Trade Secrets", Protected Under the "Economic Espionage Act"

3. Please ensure that all transactions with regard to Fixed Income Instruments (Assets) and/or corporate bonds shall be settled and cleared through DTC or Euroclear, or Clearstream.

4. All counterparties to each Transaction shall be solely comprised of major licensed financial institutions, professional broker-dealers, or other recognized and approved institutional entities.

5. Under no circumstances shall Principal amount of funds deposited in the amount of Thirty Million United States Dollars ($30,000,000.00) be permitted to be withdrawn, unless as stated hereto and for the payment of wire charges (if any).

6. All bank fees excluding wire charges shall be paid by undersigned, 5th Avenue Partners Ltd.

7. These Irrevocable Instructions shall be valid until the Instruction of Termination and Closing of said account. At the time of Account closure please remit the Principal amount of funds in the amount of Thirty Million United States Dollars ($30,000,000.00) with deduction of wire charges (if any) to the following Bank account:

Bank:            The Hongkong and Shanghai Banking Corporation Limited

Address:         Convention Plaza HSBC Premier Centre
                 Shop No. 103 1/F Shopping Arcade Convention Plaza 1 Harbour Road,
                 Wan Chai, Hong Kong
Fax:             2824 1380
Telex:           73205 hsbc hk
Account No:      625-019930
Account Name:    Mr. So Kevin and Ms. Lu Yan Lucy

Sincerely,


5th Avenue Partners Ltd


CC: So Kevin and Lu Yan Lucy

                                    Receipt Acknowledgement:


                                    (Bank)


Initials:            SKLYL:                LB: