Haig Kalbian (Admitted *pro hac vice*)
D. Michelle Douglas (CA Bar No. 190248)
Aaron Knights (Admitted *pro hac vice*)
KALBIAN HAGERTY L.L.P.
The Brawner Building
888 17th Street, N.W., Suite 1000
Washington, DC 20006
Phone:      (202) 223-5600
Facsimile:  (202) 223-6625
E-mail:     hkalbian@kalbianhagerty.com
            mdouglas@kalbianhagerty.com
            aknights@kalbianhagerty.com

Kevin J. Moore (CA Bar No. 134284)
Cameron H. Totten (CA Bar No. 180765)
MOORE & ASSOCIATES, PLC
301 E. Colorado Blvd., Suite 600
Pasadena, CA 91101
Phone:      (626) 568-9300
Facsimile:  (626) 568-9374
E-mail:     KMoore@kjmlaw.com
            CTotten@kjmlaw.com
Counsel for Plaintiff Kevin So

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SO,<br><br>  Plaintiff,<br><br>v.<br><br>LAND BASE, LLC, et al.<br><br>  Defendants. | CASE NO. CV 08-3336 DDP (AGRx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>**Oral Argument Scheduled**<br><br>Date:    January 12, 2008<br>Time:    10:00 a.m.<br>Place:   Courtroom 3 – 2nd Floor<br>Before:  The Hon. Judge Pregerson |

Plaintiff Kevin So, by and through counsel and pursuant to Rule 15 of the Federal Rules of Civil Procedure and Rules 15-1 to 15-3 of the Local Rules of the Central District of California, hereby submits this Memorandum of Points and Authorities in Support of his motion seeking leave to file a First Amended Complaint ("FAC"), a copy of which is attached hereto as **Exhibit A**.

I. **Factual and Procedural Background**

Plaintiff first filed this action against Defendant Land Base, LLC ("Land Base") and its principals Boris Lopatin ("Lopatin") and Charles W. Woodhead ("Woodhead"), in relation to a sophisticated fraud wherein Defendants, acting in concert with various co-conspirators not previously named in this action, intended to and did steal millions of dollars from unsuspecting investors, including the Plaintiff, in what amounted to a Ponzi scheme. Defendants' co-conspirators were not initially named in the litigation because the depth of this scheme and scope of involvement of these non-party co-conspirators was not fully known. Since that time, Plaintiff has obtained some initial discovery, including the taking of Woodhead's deposition in October of this year. In light of information obtained as a result of counsel's investigation and Woodhead's deposition, Plaintiff has learned more detail with respect to the roles of many of these non-party conspirators, and by the First Amended Complaint seeks to join them in these proceedings.

Plaintiff filed the instant suit on May 20, 2008, and all Defendants named in the initial Complaint were served. Univest and Woodhead have appeared. Lopatin and Land Base have failed to appear or otherwise defend. Default has been entered against them but the court denied, without prejudice, Plaintiff's Motion for Default Judgment pending resolution of the claims against other defendants.

At the time of the Rule 26(f) Conference in this matter, held October 13 2008, Plaintiff notified all parties herein of his intention to file this Motion and thereafter notified the Court in the Rule 26 Report filed two weeks later. At the Scheduling Conference held before this Court on November 10, 2008, the existing parties discussed the impact of this proposed amendment on the timing of other deadlines and anticipated the effect of this amendment on the overall trial schedule.

## II.  Effect of the Proposed Amendment

As against the existing defendants, the proposed FAC adds a cause of action for constructive trust. The primary effect of the proposed First Amended Complaint, however, is to add the following parties: Kevin R. Kondas, Keith Millar, KM & Associates International, LLC ("KM&A"), KB&M Projects International, LLC, CTL Projects International, LLC, Cameron S. Kim, Lucy Lu, Henry Yang, and Mira Meltzer. As alleged in detail in the First Amended Complaint, these proposed new defendants all played some role in carrying out the fraud against So or wrongfully received So's funds as a result of and based on their complicity in the scheme. Proposed defendants KB&M Projects International LLC and CTL Projects International, LLC are among entities that the individual conspirators utilized to assist with sharing, hiding and distributing the proceeds from the Private Placement Project.

All of these new defendants are included in causes of action for constructive trust and unjust enrichment and all defendants are included in the cause of action for an accounting. Most, but not all, of the new defendants are included in the causes of action for fraud/intentional misrepresentation, negligent misrepresentation, fraud based on concealment of material facts, conversion, and civil conspiracy. In addition, Plaintiff seeks declaratory relief finding that various defendants and entities be found derivatively liable under theories of *respondeat superior*

and/or alter ego. Finally, several of the proposed new defendants are added to the cause of action for breach of fiduciary duty.

### III. Leave to Amend Should be Granted.

Rule 15(a)(2) of the Federal Rules of Civil Procedure, provides that where responsive pleadings have been served, a party may amend its pleading either with the opposing party's written consent or with leave of court. Rule 15 favors permitting amendments, and therefore provides that leave to amend should be freely granted. The Ninth Circuit has held that Rule 15's policy of favoring amendments to pleadings "should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotations and citations omitted); *see also Magnesystems, Inc. v. Nikken, Inc.*, 933 F.Supp. 944 (C.D.Cal. 1996) (Rule 15's policy of favoring amendments "is to be applied with extreme liberality").

Courts consider four factors in assessing the propriety of a motion for leave to amend. "These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs*, 833 F.2d at 186. In the case at bar, these factors all weigh in favor of permitting amendment. Plaintiff's need to amend reflects no bad faith. Indeed, Plaintiff simply sought to ensure that evidence existed to satisfy Rule 11 as to the additional proposed defendants. Nor can undue delay be raised as an objection to this motion. Plaintiff sought expedited discovery from this Court precisely because Plaintiff and his counsel knew that this motion was likely and wanted to ensure that the discovery necessary to name the additional defendants proceeded quickly.

There should be no prejudice to the opposing parties because (i) the amendment is coming early in the proceedings, (ii) all existing parties have had notice of Plaintiff's intention to so move the court since the Rule 26(f) conference, and (iii) the Court and parties have

anticipated this motion and, at the November 10, 2008 Scheduling Conference, built sufficient time into the trial schedule to accommodate the motion and other procedural steps necessitated by it. Finally, there is no basis for a claim that amendment will be futile, as Plaintiff is arguing the same existing causes of action as previously stated, merely against additional defendants.

## IV. Statement Pursuant to Local Rule 7-3

Pursuant to the Court's order dated October 7, 2008, the parties are not required to comply with Local Rule 7-3 with regard to Defendant Woodhead. *See* Document 76, Order Granting Plaintiff's Motion for a Prefiling Order Against Defendant Woodhead.

Plaintiff has complied with LR 7.3 with regard to Defendant Univest by requesting at the time of the Rule 26(f) Conference on October 13, 2008 that Defendant's counsel stipulate to amendment. Univest, through its attorney Craig Christensen, indicated Univest was not in a position to stipulate without first reviewing the First Amended Complaint. It is the understanding of the undersigned that this position has not altered since The Dressler Law Group, PC entered an appearance on behalf of Univest.

## V. Conclusion

For all the reasons set forth herein, Plaintiff respectfully requests that the Court issue an order granting Plaintiff leave to file the First Amended Complaint attached hereto.

Dated: December 18, 2008          KALBIAN HAGERTY, LLP

/s/

_____
D. MICHELLE DOUGLAS (CA Bar No. 190248)
*Counsel for Plaintiff Kevin So*