O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SO,<br><br>            Plaintiff,<br><br>   v.<br><br>LAND BASE, LLC; UNIVEST FINANCIAL SERVICES, INC.; BORIS LOPATIN, individually and d/b/a BORIS LOPATIN ASSOCIATES and CHARLES W. WOODHEAD,<br><br>            Defendants.<br>_____ | Case No. CV 08-03336 DDP (AGRx)<br><br>**ORDER GRANTING EXTENSION OF DEADLINE TO AMEND**<br><br>[Motion filed on April 10, 2009] |

    This matter comes before the Court on Plaintiff Kevin So's Motion for an Order Extending the Deadline to Amend. So seeks to modify the date to amend pleadings in the Scheduling Order. Defendants KB&M Projects International, LLC and CTL Projects International, LLC filed an opposition to this Motion. Though they did not file oppositions, Plaintiff notes that defendants Kevin Kondas and Mira Meltzer object to the relief he requests. After reviewing the materials submitted by the parties and considering the arguments therein, the Court grants the motion and orders that

no further extensions of the deadline will be allowed, except by stipulation.

**I.   BACKGROUND**

Plaintiff Kevin So ("Plaintiff") filed this action on May 20, 2008. His First Amended Complaint alleges, among other things, fraud and unjust enrichment on the part of numerous defendants.

The Court's Scheduling Order originally set the deadline for joining other parties and amending the pleadings for March 9, 2009. See Scheduling Order, Docket Entry No. 84 (November 10, 2008). With leave from the Court, Plaintiff filed his First Amended Complaint within this deadline on January 16, 2009. On March 2, 2009, the Court granted Plaintiff's *Ex Parte* Application to Amend the Scheduling Order. Order re: Ex Parte Order Extending Deadline to Amend, Docket Entry No. 110 (March 2, 2009). That order extended the deadline to amend to May 8, 2009.

**II.   DISCUSSION**

Plaintiff requests that the Court extend the Scheduling Order's deadline to amend an additional sixty days, to July 7, 2009. Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause." Fed. R. Civ. P. 16(b). In assessing whether there is "good cause" under Rule 16(b), a court "primarily considers the diligence of the party seeking the amendment" and the "moving party's reasons for seeking modification." Id. at 609; Fed. R. Civ. P. 16(b), Adv. Comm. Note to 1983 Amdt; Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) ("The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension." (internal quotation marks omitted)). "If the

moving party was not diligent, "the inquiry should end." <u>Mammoth Recreations</u>, 975 F.2d at 609. Potential prejudice to the opposing party may also be a consideration. <u>Id.</u>

Plaintiff argues that good cause exists to amend the scheduling order because he has not yet completed his investigation. He argues that he has been diligently pursuing discovery, but that his efforts have been delayed by objections raised by defendants and third parties from whom Plaintiff has sought discovery. <u>See</u> Pl.'s Mem. at 2-3. Additionally, Plaintiff argues that the various defendants will not be prejudiced by the granting of this motion because only two of the new defendants added by Plaintiff's First Amended Complaint have answered.

Defendants KB&M and CTL oppose the motion on two primary grounds. First, Defendants argue that Plaintiff has not been diligent because he "waited until the last minute" to serve discovery. According to Defendants, Plaintiff's actions "demonstrate ongoing delay, not diligence." Second, Defendants note that the motion is procedurally defective because Plaintiff failed to comply with this District's "meet and confer" local rule by contacting Defendants on the day Plaintiff filed his motion. <u>See</u> C.D. Cal. L.R. 7-3. Defendants emphasize that "Plaintiff has known of Defendants' objections to his subpoenas for Defendants' financial information since March 23, 2009," but made no effort to contact defendants prior to the day he filed the motion. Defendants also request that the Court prohibit Plaintiff from completing further discovery until after the expiration of the new amendment deadline, if the Court grants Plaintiff's motion.

The Court grants Plaintiff's motion, but advises Plaintiff that the Court will grant him no further extensions to this deadline.  It appears to the Court that Plaintiff has been conducting discovery to fully investigate his cause of action and that Plaintiff has presented adequate explanation as to why he anticipates being unable to meet the May 8, 2009 deadline. Defendants have articulated no prejudice to them for extending the deadline.

The Court will not deny the motion for failure to comply with Local Rule 7-3.  Local Rule 7-3 requires that counsel meet and confer 20 days prior to the filing of a motion.  C.D. Cal. L.R. 7-3.  Although the Court shares Defendants' frustration with Plaintiff's failure to comply with the Local Rules, the Court is satisfied with Plaintiff's explanation for why that conference was not possible.  Mot. at 2.  In particular, counsel explained that the delay resulted from an attempt to resolve discovery disputes with the parties.  Defendants have not provided an alternative series of events.  See Opp. at 3-4; Thibodo Decl.  The Court notes that the failure to meet and confer until the *day of filing*, however, likely could have been prevented.  In the future, the Court notes that, where counsel is unable to meet the deadlines imposed by Local Rule 7-3, counsel should attempt to confer with opposing counsel *as soon as possible* after that deadline.

Finally, the Court denies Defendants' request that Plaintiff be precluded from further discovery until after July 7, 2009. First, the Court has expressly granted jurisdictional discovery as to defendants Meltzer and Kondas.  Second, the Court is not convinced that Plaintiff is abusing the discovery process.

4

Additionally, the Court notes that, to the extent Plaintiff attempts to rely on discovery propounded after this Order to support a motion to amend, Defendants may present related arguments about diligence or prejudice in opposing that motion.

### III. CONCLUSION

For the foregoing reasons, the Court grants the motion and modifies the deadline to amend to July 7, 2009.  The Court advises Plaintiff that he will be granted no further extensions to this deadline.  Should he wish to amend his pleadings after the new deadline, he will need to bring a motion pursuant to Rule 16(b). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).

IT IS SO ORDERED.

Dated: May 8, 2009

DEAN D. PREGERSON
United States District Judge