# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

KEVIN SO,

    Plaintiff,

v.

LAND BASE, LLC, et al.

    Defendants.

CASE NO. CV 08-3336 DDP (AGRx)

**PROTECTIVE ORDER**

    Defendants CTL Projects International, LLC, KB&M Projects International, LLC and Kevin Kondas (collectively the "Objecting Defendants") having filed a Motion to Quash or Alternatively Motion for Protective Order in relation to *subpoenas duces tecum* served by Plaintiff Kevin So on the following banks: (i) Wells Fargo Bank, N.A. (ii) JPMorgan Chase Bank, and (iii) Sun Trust Bank (collectively, the "Bank Subpoenas") and the Court having considered the Motion, Plaintiff's opposition, all papers filed regarding the Motion, the argument of the parties, and good cause appearing,

    IT IS HEREBY ORDERED as follows:

    1.    Any and all documents (and copies of the same) or other information produced to Plaintiff's counsel in response to the Bank Subpoenas which relate in any

way to the Objecting Defendants shall be designated "Attorneys Eyes Only Information." Plaintiff's counsel shall deliver copies of such Attorneys Eyes Only Information to counsel for the Objecting Defendants and shall not give or disclose it to any other person except as provided elsewhere in this Order.

2. Confidential Information or Attorneys Eyes Only Information used at trial will become public absent a separate court order upon written motion and sufficient cause shown.

3. Plaintiff's counsel and any other person receiving the Attorneys Eyes Only Information subject to this Protective Order (collectively "Receiving Parties") may disclose the Attorneys Eyes Only Information to "Qualified Recipients," defined as follows:

   a. The Receiving Parties' legal counsel of record, including such counsel's support staff (e.g., paralegals, legal secretaries and law clerks);

   b. Court personnel, including stenographic reporters engaged in proceedings necessarily incident to the preparation for trial or trial of this matter;

   c. Persons retained by the Receiving Parties' or such parties' counsel of record to serve as expert witnesses, consultants and/or independent experts to provide advice to counsel in connection with this action; and

   d. Witnesses providing deposition or hearing testimony in this litigation, to the extent it is reasonably necessary that they review the Confidential Information to prepare for or provide their testimony; and

   e. Such other persons as hereinafter may be designated by written stipulation of the party producing the confidential documents and the party seeking to make the disclosure, or by further Order of the Court.

4. Any Qualified Recipient, other than the Court and its personnel, who receives any Attorneys Eyes Only Information shall be subject to the terms of this Protective Order.

5. Before counsel discloses any Confidential Information or Attorneys Eyes Only Information, or their contents, to any person pursuant to the provisions of Paragraph 4(c) or 4(e) above, counsel shall provide the person to whom the disclosure is to be made with a copy of this Order, and shall require such person to signify in writing that he or she has reviewed, and consents to be bound by, the terms hereof. This consent to the terms of the Order shall be in the form attached hereto as Exhibit A. Counsel shall retain the signed Exhibit A forms for the persons to whom counsel made the disclosure.

6. If Plaintiff intends to use any of the Attorneys Eyes Only Information at trial in this matter, Plaintiff's counsel is permitted to make disclosure to parties to this litigation as required by Federal Rule of Civil Procedure 26 or other applicable rules or statutes, provided counsel, at least ten days prior to the intended disclosure, provides the Objecting Parties with a redacted version of the Attorneys Eyes Only Information he intends to disclose, which redacts all addresses, account numbers, social security numbers and birth dates (other than year of birth). The redacted version of the Attorneys Eyes Only Information shall be designated Confidential Information and its disclosure is subject to the provisions in Paragraph 5.

7. If any party to this litigation objects to the applicability of this Protective Order to the Confidential Information or the Attorneys Eyes Only Information, they may file a motion with the Court seeking an appropriate order in compliance with Local Rule 37.

8. Counsel for any party desiring to disclose Attorneys Eyes Only Information to any person other than those specified in paragraph 3 above, shall, at least fifteen (15) days prior to making such disclosure, deliver to the Objecting

Defendant whose Attorneys Eyes Only Information is at issue a written notice of intent to make such disclosure identifying fully the documents to be disclosed and the person to whom the disclosure is to be made.  Within ten (10) days after receipt of such written notice, the Objecting Defendant whose Attorneys Eyes Only Information is at issue may object thereto in writing, stating specifically the reasons why it believes the disclosure should not be made.  If no objection is made in such time and manner, the Attorneys Eyes Only Information may be disclosed to the person identified in the written notice.  If an objection is timely made, the party seeking to prevent the disclosure may apply to the Court for an order prohibiting the disclosure.

9. Confidential Information or Attorneys Eyes Only Information may be used for any legitimate purpose related to the litigation of this matter, including amending or revising any claim or defense presented in this matter, pursuing further discovery, obtaining access to witnesses who may testify at the trial, or for review and analysis by any person who is expressly retained by the Receiving Party in this action to render legal assistance in the preparation of the case (e.g., experts).

10. Should Plaintiff or his counsel wish to use the Attorneys Eyes Only Information or Confidential Information in any other litigation arising from the dispute described in Plaintiff's Complaint, the parties will meet and confer in good faith in an attempt to reach agreement on the use of the Information in such proceedings, subject to the terms of this Protective Order.  Absent such agreement, the parties may, either individually or jointly, apply to this Court for order modifying this protective order.

11. Upon the conclusion of the trial of this litigation, whether such actions are terminated by final award, settlement or otherwise, any and all Attorneys Eyes Only Information and Confidential Information produced as described above, and any summaries or extracts of the same, shall be destroyed, after which Plaintiff's

counsel shall submit to counsel for the Objecting Defendants a certification that all such documents have been destroyed. Notwithstanding this provision, Plaintiff's counsel may retain the Attorneys Eyes Only Information or Confidential Information if permitted under a separate stipulation or order of the Court upon motion.

12. This Protective Order will apply automatically to any *subpoenas duces tecum* served by Plaintiff on any additional financial institutions seeking the records of the Objecting Defendants, regardless of what court issues such subpoenas, without further stipulation by the parties or further order of this Court.

13. Nothing contained in this Order shall be construed to prejudice the right of any party thereto to file Attorneys Eyes Only Information or Confidential Information with the Court in connection with this litigation or to use such documents at trial or any deposition, hearing or proceeding in this matter in compliance with Local Rule 79-5.1 and 79-5.4. Any party wishing to submit any of the Attorneys Eyes Only Information or Confidential Information, or their contents, including any discovery response or deposition transcript (including exhibits thereto), shall seek leave of the Court to file the Information under seal in compliance with Local Rule 79-5.1. The parties understand that the Court in its discretion may determine that the Information in question need not be filed or maintained under seal. When filing Attorneys Eyes Only Information or Confidential Information under seal, the party shall comply with all statutes and rules of court.

14. Nothing in this Order shall be construed to relieve any party from the obligation to timely respond to discovery requests, nor shall this Order be construed as a waiver of the right to assert any objection to a discovery request.

///
///
///

15. The provisions of this Order may be modified only by a subsequent, written agreement of the parties hereto or by order of the Court.

**SO ORDERED.**

Dated: May 26, 2009

Alicia G. Rosenberg
United States Magistrate Judge

**CONSENT TO PROTECTIVE ORDER**

I, _____, have read the attached Protective Order and consent to abide by its terms and to submit to the jurisdiction of the United States District Court, Central District of California, for the purpose of enforcement of said Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that thus Consent was executed on this _____ day of _____, 20___, at _____, _____.

_____
Signature

_____
Name

**EXHIBIT A**