O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN SO, | ) | Case No. CV 08-03336 DDP (AGRx) |
| Plaintiff, | ) ) | **ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |
| v. | ) ) ) | |
| LAND BASE, LLC; UNIVEST FINANCIAL SERVICES, INC.; BORIS LOPATIN, individually and d/b/a BORIS LOPATIN ASSOCIATES and CHARLES W. WOODHEAD, | ) ) ) ) ) ) | [Plaintiff's *Ex Parte* Application filed on July 13, 2009; Defendant's Motion filed on July 15, 2009] |
| Defendants. | ) ) | |
| _____ | ) | |

This matter comes before the Court on two motions filed by the parties related to the jurisdictional discovery ordered by the Court in its April 22, 2009 Order.  Plaintiff Kevin So has filed an *ex parte* application for an order extending the time to take jurisdictional discovery for Defendant Mira Meltzer.  Defendant Meltzer, appearing *pro se*, has moved for a Protective Order as to Plaintiff's discovery.  Because the two motions present overlapping issues, the Court addresses them together in this Motion.  After reviewing the materials submitted by the parties, the Court grants

1  Plaintiff's *ex parte* application, extends the deadline to take

2  jurisdictional discovery an additional sixty days from the date of

3  this order, and denies Defendant's Motion for a Protective Order.

4  **I.   BACKGROUND**

5     In this fraud case, Plaintiff Kevin So ("So") sues a number of

6  individual and business entity defendants for, *inter alia*,

7  fraud/intentional misrepresentation, negligent misrepresentation,

8  fraud based on concealment of material facts, conversion, unjust

9  enrichment, civil conspiracy, breach of contract, and breach of

10 fiduciary duty against various defendants.  At the time the Court

11 heard Defendant Meltzer's Motion to Dismiss for Lack of Personal

12 Jurisdiction, there was limited information about Meltzer's

13 contacts with California.  The First Amended Complaint ("FAC") and

14 the Second Amended Complaint ("SAC") allege that Meltzer is a

15 resident and citizen of Virginia.  FAC at ¶ 15; SAC ¶ 16.  The FAC

16 alleged that Meltzer "attended one or more . . . meetings in

17 California" at which "the scheme was furthered."  FAC at ¶ 16.

18 According to the transcript of defendant Charles Woodhead's

19 deposition, Meltzer attended a meeting at his house in about 2006.

20 Woodhead Depo. at 278-79.  The FAC also alleged that Meltzer

21 received funds from the project, was a business associate of Kondas

22 and Millar's, and assisted Suchanek when he represented So in the

23 England litigation.

24    After laying out the standard for personal jurisdiction, on

25 the basis of the limited allegations and evidence before the Court,

26 the Court ordered jurisdictional discovery.  Specifically, the

27 Court's Order provided: "So has 90 days from the date of this Order

28 to conducted jurisdictional discovery as to Kondas and Meltzer."

1    April 22, 2009 Order at 7 (Dkt. No. 148).  That ninety-day deadline

2    expired on July 21, 2009.

3        On June 6, 2009, Plaintiff served Meltzer with Requests for

4    Production of Documents and noticed Meltzer's deposition for July

5    13, 2009, to be taken (with the consent of counsel) in Washington,

6    D.C.  The First Set of Requests consisted of 37 requests for

7    documents.  Kalbian Decl., Ex. A at 7-12.  After Plaintiff was

8    contacted by an attorney who would represent Meltzer at her

9    deposition, Brian Shaughnessy, Plaintiff's counsel agreed to

10   reschedule the deposition for July 17, 2009. Meltzer delivered her

11   responses to the Requests for Documents on July 8, 2009, which

12   included one single-paged document, and which was signed by

13   Shaughnessy.[1]  After Plaintiff attempted to confer with Defendant,

14   Plaintiff filed this *ex parte* application.  The *ex parte*

15   application seeks an order extended the Court's July 21, 2009

16   discovery deadline or, in the alternative, to compel production.

17       Meanwhile, Meltzer filed a Motion for a Protective Order in

18   light of her noticed deposition.  Meltzer argues that Plaintiff's

19   requests seek discovery beyond the limited personal jurisdiction

20   issues that were the subject of the Court's April 22, 2009 Order.

21   Meltzer also objects to the potential scope of the deposition;

22   according to Meltzer, the notices of deposition were not expressly

23   limited to jurisdictional issues.

24

25           [1]It is not clear whether Meltzer has retained counsel, at
26   least for limited discovery purposes.  No attorney has entered an
     appearance on behalf of Meltzer in this case.  Additionally, in her
27   Motion for a Protective Order, Meltzer cites the potential
     prejudice she will suffer as a pro se Defendant.  See Def.'s Mot.
28   at 4.  However, Meltzer appears to be represented in discovery by
     an attorney.  See Kalbian Decl., Ex. B at 20.

1    **II.   *EX PARTE* APPLICATION**

2         The Court grants Plaintiff's *ex parte* application to continue

3    the jurisdictional discovery deadline.  Aside from opposing his

4    motion on the ground that it is a "cross-motion" to her Motion for

5    a Protective Order, Meltzer has provided the Court with no reason

6    why the Court should not grant Plaintiff's request.  An additional

7    sixty days will give the parties the opportunity to schedule

8    Meltzer's deposition, and the opportunity for Plaintiff to move to

9    compel responses, meet and confer about discovery disputes, or

10   narrow his requests.  Meltzer's unilateral cancellation of her

11   deposition did not provide sufficient time for the parties to

12   reschedule it.  Accordingly, the Court grants Plaintiff an

13   additional sixty days to conduct jurisdictional discovery as to

14   Meltzer.[2]

15   **III. PROTECTIVE ORDER**

16        Defendant has filed a Motion for a Protective Order Pursuant

17   to Federal Rule of Civil Procedure 26(c).[3]

18        **A.   Legal Standard**

19        Pursuant to Federal Rule of Civil Procedure 26(c), a court may

20   grant a request for an protective order "for good cause" in order

21   to "protect a party or person from annoyance, embarrassment,

22

23        [2]Although the Court grants Plaintiff's application, the Court

24   notes that Plaintiff previously waited until roughly forty-five
     (45) days into the ninety-day jurisdictional discovery period – or
     halfway through – to serve his First Request for Documents.  The

25   Court expects that Plaintiff will proceed diligently.

26        [3] The Court notes that discovery issues – including those

27   regarding protective orders – are in the purview of the Magistrate
     Judge.  For the sake of judicial economy, the Court resolves

28   Defendant's Motion in this case.  Future discovery motions,
     however, should be brought before Magistrate Judge Rosenberg.

1  oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

2  Among the potential 26(c) orders are an order "forbidding inquiry

3  into certain matters, or limiting the scope of disclosure or

4  discovery to certain matters." <u>Id.</u> at 26(c)(1)(D).  A party

5  seeking a protective order under Rule 26(c) must include in the

6  motion "a certificate that the movant has in good faith conferred

7  or attempted to confer with other affected parties in an effort to

8  resolve the dispute without court action." <u>Id.</u> at 26(c)(1).  "For

9  good cause to exist, the party seeking protection bears the burden

10  of showing specific prejudice or harm will result if no protective

11  order is granted." <u>Phillips ex rel. Estates of Byrd v. General</u>

12  <u>Motors Corp.</u>, 307 F.3d 1206, 1210-11 (9th Cir. 2002).  Whether the

13  information being sought is for a legitimate purpose or will

14  violate a privacy interest are relevant to the "good cause"

15  analysis.  Schwarzer, Tashima & Flagstaffe, Federal Civil Procedure

16  Before Trial ¶ 11:1072.  Even if there is good cause, a court must

17  then balance the interest in allowing discovery against the

18  relevant burdens on the parties.  <u>Id.</u> ¶ 11:1074; <u>Phillips</u>, 307 F.3d

19  at 1211.

20      **B.   Discussion**

21      As an initial matter, the Court finds Defendant's Motion

22  procedurally deficient.  Rule 26(c)(1) includes a plain requirement

23  that Defendant's Motion include a "certification that the movant

24  has in good faith conferred or attempted to confer with other

25  affected parties in an effort to resolve the dispute without court

26  action." Fed. R. Civ. P. 26(c)(1).  Additionally, Central District

27  of California Local Rules 37-1 and 37-2 require a pre-filing

28  conference of counsel "[p]rior to the filing of any motion relating

to discovery pursuant to F.R.Civ.P. 26-37" and a joint stipulation. C.D. Cal. L.R. 37-1, 37-2.1.  Local Rule 37-2.4 expressly provides that the Court "will not consider any discovery motion in the absence of a joint stipulation or a declaration from counsel for the moving party" that establishes that opposing counsel did not cooperate.  C.D. Cal. L.R. 37-2.4.  There is no indication in the papers that Defendant has attempted to comply with either requirement.  Rather, the only indication is to the contrary.  <u>See</u> Opp'n at 6-7.  Accordingly, the Court denies Plaintiff's Motion for a Protective Order.

**IV. CONCLUSION**

For the foregoing reasons, the Court grants Plaintiff's *ex parte* application, orders that the period for jurisdictional discovery as to Meltzer shall conclude sixty days from the date of this Order, and denies Defendant's Motion for a Protective Order. IT IS SO ORDERED.


Dated: August 4, 2009

DEAN D. PREGERSON
United States District Judge