```
                                                              O
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SO, | ) Case No. CV 08-03336 DDP (AGRx) |
| | ) |
| Plaintiff, | ) **ORDER GRANTING MOTION TO MODIFY** |
| | ) **SCHEDULING ORDER** |
| v. | ) |
| | ) [Motion filed on July 24, 2009] |
| LAND BASE, LLC; UNIVEST | ) |
| FINANCIAL SERVICES, INC.; | ) |
| BORIS LOPATIN, individually | ) NO FURTHER EXTENSIONS |
| and d/b/a BORIS LOPATIN | ) WILL BE GRANTED |
| ASSOCIATES and CHARLES W. | ) |
| WOODHEAD, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This matter comes before the Court on Plaintiff Kevin So's Motion to Modify the Scheduling Order in this case. Defendants KM & Associates International, LLC, KB& M Projects, International, LLC, and Kevin Kondas have opposed the Motion. After reviewing the materials submitted by the parties and considering the arguments therein, the Court grants the Motion, and continues the dates set in the scheduling order six months. The Court notes that it will be hesitant to grant further continuances without a particularized showing of diligence and good cause.

///

**I.  BACKGROUND**

Because the procedural history of this case is well-known to the parties and the Court, the Court reviews it only briefly here. Plaintiff filed his Complaint on May 20, 2008, alleging fraud and other related violations arising from an investment. With leave of the Court, Plaintiff filed a First Amended Complaint on January 16, 2009. The Court granted a Motion by Plaintiff to amend the scheduling order to allow for the filing of a Second Amended Complaint. See Doc. No. 153 (May 8, 2009). The Court's Order advised Plaintiff that he would be granted no further extensions to that deadline. With leave of the Court, Plaintiff filed a Second Amended Complaint on July 16, 2009. Each iteration of the Complaint added new defendants. The Court granted jurisdictional discovery as to one defendant, and recently extended the deadline for that discovery sixty days.

The Court's November 2008 Scheduling Order set the last day to amend or join other parties and to amend the pleadings for March 9, 2009, the discovery cut-off for September 11, 2009, the last day to file motions for October 9, 2009, and a Final Pretrial Conference and Jury Trial for January 2010. Aside from the extension of the deadline to amend, the Court's November 2008 Scheduling Order has not been modified.

**II.  DISCUSSION**

Plaintiff now seeks to amend the Scheduling Order to continue all dates for six months. The opposing defendants argue that Plaintiff has not shown good cause, and that an extension of two months at the most is warranted. As the Court is satisfied that Plaintiff has been reasonably diligent and does not see specific

prejudice, the Court grants Plaintiff's request, but notes that the Court will not be inclined to grant any additional requests by Plaintiff without a compelling basis to do so.

**A.  Legal Standard**

Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause." Fed. R. Civ. P. 16(b).  In assessing whether there is "good cause" under Rule 16(b), a court "primarily considers the diligence of the party seeking the amendment" and the "moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); Fed. R. Civ. P. 16(b), Adv. Comm. Note to 1983 Amdt; Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) ("The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension." (internal quotation marks omitted)).  "If the moving party was not diligent, "the inquiry should end." Mammoth Recreations, 975 F.2d at 609.  While the focus of the "good cause" inquiry is on the diligence of the party seeking the modification of the scheduling order, other considerations can include (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that discovery will lead to relevant evidence. United States, ex rel., Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995), cert. granted in part, 519 U.S. 926, vacated on other grounds, 520

U.S. 939 (1997) (citing <u>Smith v. United States</u>, 834 F.2d 166, 169 (10th Cir. 1987)).

### B.  Plaintiff's Motion to Amend

Plaintiff argues that there is good cause to amend because of the procedural posture of this case.  In particular, Plaintiff focuses on (1) the addition of new defendants with the Second Amended Complaint and (2) the Court's grant of an extension of jurisdictional discovery as to Meltzer.  In Opposition, Defendants argue that Plaintiff has had ample time to conduct his investigation and that he has not shown good cause.

Given the procedural posture of this case, the Court finds that Plaintiff has made a showing sufficient to justify amendment of the Scheduling Order and that there is good cause for a six-month continuance of all dates.  The Court finds Plaintiff's prosecution to have been reasonably diligent.  Although the Court would normally be hesitant to grant a six-month continuance, the Court does so here with the expectation that this will give *all* parties more than ample time to complete discovery, file any dispositive motions, prepare for trial, conduct settlement talks, and coordinate among all of them at each of these stages. Accordingly, the Court grants the extension, with the expectation that no further continuances will be necessary.

*///*

*///*

*///*

**III. CONCLUSION**

  For the foregoing reasons, the Court continues all pending dates in the Scheduling Order as follows:

  DISCOVERY CUT-OFF  04-05-10

  LAST DAY TO FILE MOTIONS  05-07-10

  FINAL PRETRIAL CONFERENCE  07-26-10 at 4:00 p.m.

  10-DAY JURY TRIAL  08-03-10 at 9:00 a.m.

IT IS SO ORDERED.

Dated: August 18, 2009

DEAN D. PREGERSON
United States District Judge