# EXHIBIT K

Haig Kalbian (Admitted *pro hac vice*)
Mary M. Baker (Admitted *pro hac vice*)
D. Michelle Douglas (CA Bar No. 190248)
Aaron Knights (Admitted *pro hac vice*)
KALBIAN HAGERTY L.L.P.
The Brawner Building
888 17th Street, N.W., Suite 1000
Washington, DC 20006
Phone:      (202) 223-5600
Facsimile:  (202) 223-6625
E-mail:     hkalbian@kalbianhagerty.com
            mmb@kalbianhagerty.com
            mdouglas@kalbianhagerty.com
            aknights@ kalbianhagerty.com

Kevin J. Moore (CA Bar No. 134284)
MOORE & ASSOCIATES, PLC
301 E. Colorado Blvd., Suite 600
Pasadena, CA 91101
Phone:      (626) 568-9300
Facsimile:  (626) 568-9374
E-mail:     KMoore@kjmlaw.com
*Counsel for Plaintiff Kevin So*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SO, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. CV 08-3336 DDP (AGRx) |
| LAND BASE, LLC, et al., | ) PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT KB&M PROJECTS INTERNATIONAL, LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS |
| Defendants. | ) |

Plaintiff's Amended Responses to Defendant KB&M Projects International, LLC's
First Set of Requests for Admissions

COMES NOW, Plaintiff, Kevin So ("Plaintiff" or "So"), by the undersigned counsel, and serves his objections and responses to the Requests for Admissions served by Defendant KB&M Projects International, LLC ("Defendant" or "KB&M") pursuant to Rule 36 of the Federal Rules of Civil Procedure and Local Civil Rule 36-2.

## GENERAL OBJECTIONS

1. Each of the following general objections applies, as appropriate, to each specific request without any restatement or express incorporation by reference within the specific objections and responses.

2. To the extent that Plaintiff does not expressly admit or deny any of the following Requests or any portions thereof, said Request or portion of said Request is Denied.

3. With respect to any Request to which Plaintiff has responded that it can neither admit nor deny the Request, to the extent applicable to any such Request, Plaintiff has made reasonable inquiry and the information which is known to it or is readily obtainable is insufficient to assist Plaintiff in his attempt to specifically respond to any such Request.

4. With respect to each admitted document, if any, Plaintiff does not waive any right he may have to cross-examine the author(s) of, or parties, to such documents. Plaintiff's responses admitting to the genuineness of documents, if any, are nor intended to be, nor should they be deemed to be, admissions of any specific facts, statements, opinions or matters set forth or discussed in any document admitted to be genuine.

5. Plaintiff objects to the Defendant's Requests for Admissions to the extent they impose restrictions and requirements not imposed or permitted by the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Central District of California.

- 2 -

6. Plaintiff objects to the Defendant's Requests for Admissions as a whole to the extent they require production of any communication between Plaintiff and his counsel, any work product created by counsel, any work product created by Plaintiff at the request of counsel, or any work product created by Plaintiff in anticipation of litigation to the extent that such communication and work product are protected from discovery by the attorney-client privilege, the work product doctrine, or the common interest/joint defense privilege.

7. Plaintiff objects to the Defendant's Requests for Admissions as a whole to the extent they fail to set reasonable time limits on the timeframe within which responses are sought.

8. Plaintiff reserves all objections to the competence, relevance, propriety or admissibility at trial, or in connection with any motion, hearing, or other proceeding, of any information or documents produced. The identification or production of any information or document does not constitute an admission that such information or document is relevant to this case.

9. Plaintiff's discovery, internal investigation, and preparation for trial are not completed as of the date of this Response. Any responses below are based solely on such information and documents as are presently known. Further discovery and investigation may reveal information, facts or documents as are presently not known, or the significance of which is not presently known upon which Plaintiff may rely at trial, or in connection with any motion, hearing, or other proceeding. Therefore, Plaintiff's responses are without prejudice to the right to identify and produce subsequently discovered documents or information and introduce same later in this litigation, in connection with any motion, at trial, or otherwise.

10. Plaintiff objects Defendant's Requests for Admissions as a whole to the extent they rely on allegations contained in the First Amended Complaint. The operative pleading setting forth Plaintiff's claims is the Second Amended Complaint, which may have amended various allegations contained in the First Amended Complaint

11. Plaintiff objects to the Requests to the extent they are unduly burdensome, overly broad, and require Plaintiff to provide specific information that Defendant can acquire from the documents produced in response to Defendant's Requests for Production of Documents.

12. Plaintiff objects to the Defendant's Requests to the extent they lack relevance, are ambiguous, and are not reasonably calculated to lead to the discovery of admissible evidence.

13. Plaintiff objects to any characterizations, legal or factual, that multiple requests attempt to place on the facts and the issues. Where possible, Plaintiff has attempted to place a reasonable construction upon such requests.

14. Plaintiff objects to producing any confidential information without an appropriate protective order.

## RESPONSES TO REQUESTS FOR ADMISSIONS

REQUEST FOR ADMISSION NO. 1:

Admit that YOU were a party in the HSBC LITIGATION.

RESPONSE:

Admitted.

REQUEST FOR ADMISSION NO. 2:

Admit the genuineness of the document attached hereto as Exhibit A.

RESPONSE:

Objection. This Request is vague. Subject to the foregoing and to the extent a response is required, Plaintiff responds as follows: After making a reasonable inquiry, Plaintiff lacks sufficient information to form a basis to admit or deny this request and, accordingly, denies same.

REQUEST FOR ADMISSION NO. 3:

Admit that the document attached hereto as Exhibit A is a true and correct copy of the judgment of the High Court of Justice Queen's Bench Division Commercial Court in the HSBC Litigation.

RESPONSE:

Plaintiff admits that the document attached as Exhibit A appears to be a true and correct copy of the judgment of the High Court of Justice Queen's Bench Division Commercial Court in the HSBC Litigation.

REQUEST FOR ADMISSION NO. 4:

Admit that the subject matter of the HSBC LITIGATION was the PRIVATE PLACEMENT PROJECT.

RESPONSE:

Objection. This request does not seek a statement or opinion of fact but, rather, improperly requires legal analysis and invades attorney work product. Therefore, this request is improper under the Federal Rules of Civil Procedure, and Plaintiff is not required to respond. Moreover, this request invades the attorney-client privilege. Subject to the foregoing and to the extent and response is required, the request is denied.

REQUEST FOR ADMISSION NO. 5:

Admit that YOU were represented by Bivonas Ltd in the HSBC LITIGATION.

RESPONSE:

Objection. This request is vague and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing and to the extent a response is required, the request is denied.

REQUEST FOR ADMISSION NO. 6:

Admit that YOU were represented by Kalbian Hagerty L.L.P. during the pendency of the HSBC LITIGATION.

RESPONSE:

Objection. This request is vague and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, and to the extent a response is required, the request is denied.

REQUEST FOR ADMISSION NO. 7:

Admit that YOU received legal advice from Kalbian Hagerty L.L.P. concerning the HSBC LITIGATION.

RESPONSE:

Objection. This request is vague and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this request invades attorney-client privilege.

REQUEST FOR ADMISSION NO. 8:

Admit that YOU obtained summary judgment against BROWN in the HSBC LITIGATION.

RESPONSE:

Objection. This request is vague and does not seek a statement or opinion of fact but, rather, improperly requires legal analysis and invades attorney work product. Therefore, this request is improper under the Federal Rules of Civil Procedure, and Plaintiff is not required to respond. Subject to foregoing and to the extent a response is required, the request is denied.

REQUEST FOR ADMISSION NO. 9:

Admit that YOU obtained summary judgment against BROWN for the full amount of YOUR investment in the PRIVATE PLACEMENT PROJECT.

RESPONSE:

Objection. This request is vague and does not seek a statement or opinion of fact but, rather, improperly requires legal analysis and invades attorney work product. Therefore, this request is improper under the Federal Rules of Civil Procedure, and Plaintiff is not required to respond. Subject to foregoing and to the extent a response is required, the request is denied.

REQUEST FOR ADMISSION NO. 10:

Admit that YOU provided testimony in the HSBC Litigation.

RESPONSE:

Objection. This request is vague. Subject to the foregoing and to the extent a response is required, Plaintiff admits he testified during trial in the HSBC Litigation.

REQUEST FOR ADMISSION NO. 11:

Admit that YOU alleged in the HSBC LITIGATION that HSBC Bank plc was liable to YOU for the full amount of YOUR investment in the PRIVATE PLACEMENT PROJECT.

RESPONSE:

Objection. This request is vague and is not reasonably calculated to lead to the discovery of admissible evidence. Further, this request does not seek a statement or opinion of fact but, rather, improperly requires legal analysis and invades attorney work product. Therefore, this request is improper under the Federal Rules of Civil Procedure, and Plaintiff is not required to respond. Subject to the foregoing and to the extent a response is required, this request is denied.

Dated: July 24, 2009        KALBIAN HAGERTY, LLP

_____
MARY M. BAKER (Admitted *Pro Hac Vice*)
*Counsel for Plaintiff Kevin So*

## CERTIFICATE OF SERVICE

I am employed in the District of Columbia; I am over the age of eighteen years and not a party to the above-entitled action; my business address is 888 17th Street, NW, Suite 1000, Washington, DC 20006.

I hereby certify that on the date set forth below, I served the foregoing:

1. Plaintiff's Amended Responses to Defendant KB&M Projects International, LLC's First Set of Requests for Admissions

via electronic mail and first class U.S. Mail, postage prepaid, upon::

Todd D. Thibodo, Esq.
Law Offices of Todd D. Thibodo
16133 Ventura Boulevard, Suite 580
Encino, California 91436
*Attorney for Defendants KB&M Projects International, LLC and CTL Projects International, LLC*

I hereby certify that I will mail the document by U.S. mail to the following:

Charles Woodhead
25 Nunes Road
Watsonville, CA 95076
*Defendant pro per*

William P. Donovan, Jr., Esq.
Brendan E. Starkey, Esq.
DLA Piper LLP (US)
1999 Avenue of the Stars, Suite 400
Los Angeles, CA 90067-6023
Attorneys for Defendant Kevin R. Kondas

Brian W. Shaughnessy, Esq.
913 M Street, NW
Washington, DC 20001
*Attorney for Defendant Mira Meltzer*

Mira Meltzer
7848 Willowbrook Road
Fairfax Station, VA 22039
*Defendant pro per*

Thomas W. Dressler, Esq.
Dennis M. McPhillips, Esq.
Dressler Law Group
707 Wilshire Blvd., Suite 3700
Los Angeles, CA 90017
*Attorneys for Defendant Univest Financial Services, Inc.*

Dated: July 24, 2009

/s/ Mary M. Baker
MARY M. BAKER (admitted *pro hac vice*)
Counsel for Plaintiff Kevin So

Certificate of Service