# EXHIBIT L

10th, 11th and 13th Defendants<br>
Kevin So Second<br>
Exhibits "KS2"<br>
31 October 2006

2005 FOLIO NO. 841

IN THE HIGH COURT OF JUSTICE
QUEEN'S BENCH DIVISION
COMMERCIAL COURT
BETWEEN:

HSBC BANK PLC

Claimant

- and -

(1) 6th AVENUE PARTNERS LIMITED
(2) MICHAEL ROBERT ALEXANDER BROWN
(3) ADM INVESTOR SERVICES
(4) DEVONSHIRE CAPITAL LIMITED
(5) LAMBERHURST DEVELOPMENTS LIMITED
(6) LAMBERHURST HOTELS LIMITED
(7) PREMIER EQUITY LIMITED
(8) PRITCHARD STOCKBROKERS
(9) 6th AVENUE PARTNERS GMBH
(10) MR KEVIN SO
(11) MS YAN LUCY LU
(12) MR CHARLES MARTIN EDWARDS
(13) MR ROBERT WILLIAM MANN
(14) REFCO SECURITIES LLC
(15) REFCO OVERSEAS LIMITED
(16) REFCO SECURITIES LIMITED

Defendants

AND BETWEEN:

(1) MR KEVIN SO
(2) MS YAN LUCY LU
(3) MR CHARLES MARTIN EDWARDS
(4) MR ROBERT WILLIAM MANN

Part 20 Claimants

- and -

(1) 6th AVENUE PARTNERS LIMITED
(2) MICHAEL ROBERT ALEXANDER BROWN
(3) HSBC BANK PLC
(4) ALTUS INVESTMENT MANAGEMENT LIMITED

Part 20 Defendants

---

**SECOND WITNESS STATEMENT OF KEVIN SO**

---

I, KEVIN SO of FT B 21/F Tower 1, Park Towers, 1 King's Road, North Point, Hong Kong SAR and 28F, Guangda Building, Tianhe North Road, Guangzhou, Guangdong, People's Republic of China **WILL SAY** as follows:

1. I make this further statement in response to certain matters arising from the hearing in this matter which took place before Cooke J on 22 September 2006. I have been provided with a copy of the draft Order (**the Order**) arising from that hearing and prepared by Junior Counsel for the 10th, 11th and 13th Defendants (**the SLM Investors**). I understand that as of the date of this statement the Order has not been finalised between Counsel for the SLM Investors and Counsel for HSBC. However, I understand that none of the issues in dispute on the Order are in respect of those elements which require to be addressed by me in this witness statement. I attach a copy of the draft Order at tab 1 of KS2 as prepared by Junior Counsel for the SLM Investors.

2. Paragraph 8 of the draft Order requires that I make a further search for documents in the categories set out in Part 1 of Schedule C to the draft Order and, where appropriate, seek assistance from those parties listed in Part 2 of Schedule C in locating copies of the same.

3. Paragraph 9(3) of the draft Order requires that I explain the searches I have done for any documents within my control responsive to the requests set out in Part 1 of Schedule C (including any requests made of third parties) and the results of those searches.

4. Paragraph 11 of the draft Order requires that if any documents responsive to Part 1 of Schedule C do not exist I must explain whether there ever existed documents of that type and if so what became of them.

5. I have limited knowledge of English. Ms Lucy Lu has helped me to understand the contents of my witness statement and I understand that Ms Lu has been helped by Mrs Jane Zhou in doing this.

**Disclosure – My own searches**

6. I have made a further search for any documents responsive to the nineteen requests set out in Part 1 of Schedule C of the draft Order.

*Previous Searches*

7. Prior to the preparation of my first List of Documents dated 23 June 2006 I searched both my home, even though I never bring any documents home, and my office. I searched both my home and my office by myself. I sent the results of this search to Ms Lu and understand that she subsequently passed on the documents to Kendall Freeman. The results of this exercise appear in my List of Documents dated 30 June 2006 (attached at tab 2 of KS2).

8. I refer to my affidavit dated 22 September 2006, attached at tab 3 of KS2, in which I explained that I disposed of my old computer in April 2006. This was the only computer I used in my home and at my office. I usually replace my computer every six months. I replaced my old computer as usual because I did not believe that my old

computer contained any documents which were relevant to this litigation. I did not save any of the data on my old computer and none of the data was transferred to my new computer. After making enquiries at my office I found out which of my employees had my old computer and asked for it to be returned. My old computer was then sent to CBL Data Recovery Technology Inc in Canada on 16 September 2006. I understand that CBL Data Recovery Technology Inc has subsequently provided a copy of the data on the hard drive of my old computer to Kendall Freeman, together with its report on the data recovery exercise it had performed. I have been told that the search performed by CBL Data Recovery Technology revealed no relevant, non-privileged documents.

*Further Search in respect of the Requests contained in the draft Order*

9. My further search for documents pursuant to the requirements of the draft Order has involved, once again, me completely re-searching my home and completely re-searching my office. I found no further documents. I performed this search by myself.

**Disclosure – Answers to Requests**

*Request 1 - All correspondence and other documents that led to Mr Millar contacting Ms Lu in January 2005*

10. I have never had any documents within my control responsive to this request. I understand from Ms Lu that no such documents ever existed.

*Request 2 – All documents shown to Ms Lu by Mr Millar concerning the proposed investment of $30m with 5th Avenue by Ms Lu and Mr So*

11. I have never had any documents within my control responsive to this request. I understand from Ms Lu that no such documents ever existed.

*Request 3 – Correspondence passing between Ms Lu and Mr Millar between the date of first contact between Mr Millar and Ms Lu and the date of Ms Lu's flight in April 2005*

12. I have never had any documents within my control responsive to this request. I was told by Ms Lu on the telephone at the time of her correspondence with Mr Millar the contents of that correspondence. As I stated in paragraph 43 of my Witness Statement dated 11 August 2006, I was never sent or copied into the email correspondence which I understood was passing between Ms Lu and Mr Millar. As my English is very poor, there was no point in Ms Lu providing me with copies of the correspondence although I was made fully aware of the nature of the correspondence by Ms Lu by telephone.

SO-0025899

-4-

*Request 4 – Documents referring to Mr Millar, Dr Kondas, Mr Lopatin, Land Base LLC, Mr Brown, 5th Avenue Partners Limited (or any other 5th Avenue Partners companies), Mr Minton or Mr Byrne obtained by Mr So or Ms Lu before Ms Lu's flight to London*

13. I have never had any documents within my control responsive to this request. I was aware, from my discussions with Ms Lu, of Mr Millar as a gentleman who was saying he could put us in touch with a trader who was putting together a private placement. I do not recall whether any mention was ever made of Dr Kondas. I became aware of the remaining individuals and companies only after Ms Lu returned to Canada from her meetings in London and spoke with me on the telephone describing her meetings.

*Request 5 – All documents sent by fax or email (including covering fax or email) to Mr So for his review while Ms Lu was in London or after she returned to Canada*

14. Ms Lu did not send any documents by any medium to me while she was in London. As I have stated in my Witness Statement dated 11 August 2006, on her return to Canada she sent by mail copies of the Land Base Agreement, the Irrevocable Letter of Instruction, the letter of recommendation signed by Jackie Arnull and the business cards of Jackie Arnull, Boris Lopatin and Michael Brown. There was no covering letter from Ms Lu with these documents. No documents in respect of Ms Lu's meetings in London were sent by fax or email.

*Request 6 – Each and every fax or email that has ever passed between Mr So and Ms Lu relating to their investment of US$30m with 5th Avenue or concerning private placements from 1 September 2004 to 31 October 2005*

15. I have never received a fax or e-mail from Ms Lu, relating to our investment of US $30m with 5th Avenue or concerning private placements from 1 September 2004 to 31 October 2005, other than the e-mail of the draft letter of confirmation to Ms Jackie Arnull. I have never sent a fax or e-mail to Ms Lu, relating to our investment of $US 30m with 5th Avenue or concerning private placements from 1 September 2004 to 31 October 2005, other than a copy of the draft letter of confirmation to Ms Jackie Arnull.

*Request 7 - All advice taken by Mr So or Ms Lu on documents or information given to Ms Lu while she was in London*

16. This is not a proper request for disclosure. Nevertheless, I confirm that I did not take any advice on the documents or information which was given to Ms Lu while she was in London and which, in the case of the documents detailed, were forwarded to me by mail on Ms Lu's return to Canada. Following Ms Lu's return to Canada we discussed her meetings in London and we decided that I should contact Janet Wong at HSBC Hong Kong, where our joint account was held and where I had been a customer for many years, to ask her to contact Jackie Arnull directly to confirm that our funds would be held by HSBC London on the terms of the Irrevocable Letter of Instruction. On Ms Wong's advice, Ms Lu and I jointly drafted a letter and I sent it by email to

SO-0025900

Case 2:08-cv-03336-DDP-AGR   Document 343-7   Filed 05/07/10   Page 6 of 10   Page ID #:6040

-6-

Jackie Arnull. We did not receive a response from Ms Arnull. However, I would point out that we also did not receive a response from HSBC London or HSBC Hong Kong saying that HSBC London did not hold a copy of the Irrevocable Letter of Instruction, would not act on its terms to protect our investment or stating that there was anything wrong or suspicious about the document or Mr Brown.

*Request 8 - Any request for independent confirmation of the information given to Ms Lu by Mr Brown including but not limited to the advice of independent counsel referred to in paragraph 18(e)(vi) of Mr So's and Ms Lu's Statement of Case and any response to such requests*

17. I did not instruct independent counsel to review the contents of the Irrevocable Letter of Instruction. I understand from Ms Lu that Mr Brown did not provide Ms Lu with any documents in respect of the independent counsel referred to in the Statement of Case. As I explained above I did speak with Janet Wong of HSBC Hong Kong and, on her suggestion, Ms Lu and I prepared, and I sent, a letter to Ms Arnull.

*Request 9 - Any notes taken by Ms Lu of Mr Lopatin's explanations of the terms of the Land Base agreement, correspondence between Mr So and Ms Lu about that agreement and the draft 5th Avenue Letter and Ms Arnull's reference*

18. I understand that Ms Lu did not take notes of Mr Lopatin's explanations. As I have explained at paragraph 14 above, on Ms Lu's return to Canada she mailed to me the Land Base Agreement, the Irrevocable Letter of Instruction, the letter of recommendation from Jackie Arnull and the business cards of Mr Brown, Mr Lopatin and Ms Arnull. There was no written correspondence passing between Ms Lu and me concerning these documents.

*Request 10 - Any independent advice taken by either of Mr So or Ms Lu about the adequacy of the documents in paragraph 9 above as the basis of their proposed investments, prior to Ms Lu signing the Land Base Agreement on 13 April or at any other time prior to the deposit of funds with 5th Avenue Partners Limited*

19. As I have explained at paragraph 16 above I did not seek any such independent advice other than by sending our letter to Jackie Arnull of HSBC London.

*Request 11 - Correspondence between Mr So and Ms Lu regarding their agreement that Mr So should ask Janet Wong of HSBC Hong Kong to contact HSBC London as described in Response 29(vii) of the Request for Further Information made by HSBC of the Investors*

20. All such correspondence took place by telephone. Ms Lu and I discussed the form of the draft letter to send to Ms Arnull which Ms Lu then prepared (as I do not speak English) and emailed to me for me to copy onto my own headed paper (which I forgot to do, however, the top of the letter contains by name and my address) and to email to Ms Arnull. I no longer have a copy of the email by which the draft letter was sent to me as it would have been held on a computer which I have since disposed of.

-6-

*Request 12 - Documents recording or evidencing discussions between Mr So and Ms Lu prior to transferring US$30 million to 5th Avenue Partners Limited and explaining why Mr So wrote to HSBC on 15 April 2005 and did not insist on a response*

21. As I have explained, our discussions took place by telephone. When calling Ms Lu I used an international calling card which means that my telephone bills do not show me calling Ms Lu's number in Canada. No documents exist, or have ever existed, responsive to this request. I would point out again that Ms Lu and I placed justifiable reliance on either or both of HSBC Hong Kong and HSBC London contacting us after we had made our request if anything had been amiss.

*Request 13 - Correspondence to/from Mr Basil Aucott Young or Mr Boris Lopatin or anyone else connected with Land Base at any material time from before the investment was made to date*

22. I have never corresponded with Mr Aucott-Young or Mr Boris Lopatin or anyone else connected with Land Base LLC at any material time from before the investment was made to date. I have never sent correspondence to Mr Aucott-Young or Mr Lopatin or to anyone else at Land Base LLC at any material time from before the investment was made to date. I have never received correspondence from Mr Aucott-Young or Mr Lopatin or anyone else from Land Base at any material time from before the investment was made to date.

*Request 14 - Documents provided to Ms Zhou in London to complete on behalf of Mr So and/or Ms Lu in connection with the proposed investment*

23. I understand from Ms Lu that there were no such documents.

*Request 15 - All relevant documents held by Mr LaRue and Mr Aucott-Young*

24. As will be seen at paragraphs 35 and 36 below I have made the necessary requests to both Mr LaRue and Mr Aucott-Young. I do not know what documents are held by Mr Aucott-Young or Mr LaRue and, furthermore, any documents that they have that relate to the attorney/client relationship are privileged.

*Request 16 - All documents that are relevant to (or were prepared in connection with or relate to) any investment, or proposed investment, (other than an investment in ordinary shares listed on a stock exchange or in government bonds) by or on behalf of (or considered or examined by or on behalf of) Mr So and Ms Lu (or by or on behalf of entities in which Mr So and Ms Lu were interested) whether individually or jointly with each other or other investors (i) for a sum in excess of US$5 million made in the 5 years between May 1995 and May 2000; and (ii) for a sum in excess of US$1 million made in the period from May 2000 to the present time*

25. Ms Lu and I did not make any such investments, or consider such investments, jointly and I did not make any such investments, or consider such investments, individually, in the specified time frame. Therefore no responsive documents exist.

SO-0025902

*Request 17 - All itemised telephone records of calls made by Mr So or Ms Lu to one another from 1 September 2004 to 31 October 2005*

26. As I have explained above I would always use an international calling card when telephoning Ms Lu. Therefore my phone bills do not show any details of me calling Ms Lu's number in Canada.

*Request 18 - All documents in the possession of Land Base concerning Mr So's or Ms Lu's dealings with them, Mr Brown, 5th Avenue or Mr So's and Ms Lu's investment with them*

27. As will be seen at paragraphs 33 and 34 below I have made the necessary requests to Land Base LLC.

*Request 19 - Any communication between Mr So and Ms Lu or those acting on their behalf and the FSA regarding the conduct of HSBC in relation to the matters arising in this litigation.*

28. I have never communicated with the FSA regarding the conduct of HSBC or at all. I am aware of a Formal Complaint made to the FSA and which has been disclosed. I recall discussing the contents of the Formal Complaint with Ms Lu by telephone but have never had any documents in my control in relation to its preparation.

29. I have no further documents responsive to the nineteen requests in Part 1 of Schedule C to the draft Order (or indeed in respect of any other issue in this litigation) in my control.

**Disclosure – enquiries of third parties**

30. I instructed my solicitors Kendall Freeman to write to every third party set out in Part 2 of Schedule C to the draft Order. Where a response has been forthcoming from a third party then I set out the detail of such response. I confirm that should responses be forthcoming from third parties subsequent to the making of this witness statement then I will provide details of such responses together with any responsive documents by way of disclosure in a Supplemental List of Documents.

*Keith Millar*

31. I attach at tab 4 of KS2 Kendall Freeman's letter dated 5 October 2006 sent to Mr Millar by email (address dollarsphere@onetel.com). I attach at tab 5 of KS2 Mr Millar's email response dated 15 October 2006. In his response, Mr Millar confirms that he has no documents responsive to the requests as he routinely shreds documents after two or three months, his relevant diary was taken by the police and his computer in use at the time suffered a disk failure and was disposed of without it being possible to recover any information.

SO-0025903

32. I have never had any contact with Dr Kondas and have no contact details for him. I instructed Kendall Freeman to try to find contact details for Dr Kondas. I have been told that they have, as at the date of this statement, been unsuccessful in locating contact details. I confirm that should contact details for Dr Kondas be found then Kendall Freeman will contact him to make the requests for documentation.

*Boris Lopatin*

33. I attach at tab 6 of KS2 Kendall Freeman's letter dated 5 October 2006 sent by email (address landbasellc@aol.com) to Mr Lopatin, copied to his US attorneys Mesereau & Yu LLP (address yu@mesereauyu.com). Kendall Freeman sent a chasing letter, again copied to Mesereau & Yu LLP, asking for a response on 18 October 2006 attached at tab 7 of KS2. Kendall Freeman have informed me that as at the date of this statement they have not received a response to either of these letters from either Mr Lopatin or from Mesereau & Yu LLP.

*Charles Woodhead*

34. I attach at tab 8 of KS2 Kendall Freeman's letter dated 5 October 2006 sent by email (address landbasellc@aol.com) to Mr Woodhead, copied to his US attorneys Mesereau & Yu LLP (address yu@mesereauyu.com). Kendall Freeman sent a chasing letter, again copied to Mesereau & Yu LLP, asking for a response on 18 October 2006 attached at tab 9 of KS2. Kendall Freeman have informed me that as at the date of this statement they have not received a response to either of these letters from either Mr Woodhead or Mesereau & Yu LLP.

*Mr LaRue*

35. I attach at tab 10 of KS2 Kendall Freeman's letter dated 5 October 2006 sent by email to Mr LaRue (address rlarue@be.hochelaw.com). I attach at tab 11 of KS2 Mr LaRue's response received by email on 5 October 2006. In his response Mr LaRue confirms that he had already gone through his files and emails as part of the original disclosure process (and I understand that such non-privileged relevant documents as were provided have been disclosed) and that he does not have any further responsive documents.

*Basil Aucott-Young*

36. I attach at tab 12 of KS2 Kendall Freeman's letter dated 5 October 2006 sent by post to Mr Aucott-Young. Kendall Freeman sent a chasing letter asking for a response on 18 October 2006 attached at tab 13 of KS2. Mr Aucott-Young responded on 25 October 2006 (attached at tab 14 of KS2) stating that all his files and computer emails have been seized by the police.

Oct 31 2006 17:11 P.03

-9-

Jane Zhou

37. I attach at tab 16 of KS2 Kendall Freeman's letter dated 6 October 2006 sent to Mrs Zhou by email (address zhoujane@rogers.com). Kendall Freeman sent a chasing letter asking for a response on 18 October 2006 attached at tab 18 of KS2. Kendall Freeman have informed me that as at the date of this statement they have not received a response to either of these letters.

38. I believe that the facts stated in this witness statement are true.

Signed: ......*[signature]*......

Kevin So

Dated: ...... 10-31-2006 ......

ACL2/1270832/3

SO-0025905