*NOTE CHANGES MADE BY THE COURT*

*NOTE CHANGES MADE BY THE COURT*

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA
(Western Division-Los Angeles)

KEVIN SO,

    Plaintiff,

v.

LAND BASE, LLC, et al.

    Defendants.

CASE NO. CV 08-3336 DDP (AGRx)

**PROTECTIVE ORDER**

*NOTE CHANGES MADE BY THE COURT*

The Court having considered Plaintiff Kevin So's ("Plaintiff") Motion for Entry of Protective Order and good cause appearing,

IT IS HEREBY ORDERED as follows:

1. This Protective Order (the "Order") shall govern the handling of all documents and information exchanged in discovery by and between Plaintiff and all Defendants appearing in this matter at the time of entry of this Order (collectively the "Parties") as part of this litigation (the "Litigation"), as well as all deposition transcripts and exhibits, and any copies, excerpts, summaries, or portions of any of the foregoing which are designated by the Party producing such items ("Producing Party") as "Confidential Information."

    a. Any Party may, in good faith, designate documents as "Confidential" when such document contains confidential personal and/or financial information and/or matters that may be deemed privileged and/or confidential proprietary business information. Such documents will be designated by

correspondence sent by the Producing Party to the party (or parties) receiving the documents (hereinafter "the Receiving Party"), which shall identify with specificity the documents or information sought to be protected. A party that inadvertently fails to designate an item as "Confidential Information" at the time of production may correct its failure later in writing. For the purposes of this process, documents may be identified by document control numbers. A party may also designate as "Confidential Information" any portion of or all testimony provided during a deposition or other proceeding in connection with the above-captioned case.

  b. Should the Receiving Party desire to challenge the "Confidential Information" designation of any document, the Receiving Party shall notify the Producing Party of this fact in writing within fifteen (15) days after the document is first produced or first identified as "Confidential." If no challenge is made in that time period, then the document shall retain its Confidential status throughout [~~the Litigation~~ discovery] and its use shall be governed by the provisions of this Order. [AGR]

  c. If the Receiving Party challenges in writing, within the 15-day period, the "Confidential Information" status of a document, the Producing Party has ten (10) days to revoke the designation. If no such revocation is made in writing within such time, then the Receiving Party may petition the Court for the removal of the "Confidential Information" designation. The parties, however, shall make every reasonable effort to resolve any such disagreements without requiring the intervention of the Court.

  2. The provisions of this Order shall apply to (a) the Parties [and their counsel]; (b) any other person or entity [who chooses to produce] ~~producing or receiving~~ Confidential Information [pursuant to this order.] ~~in this Litigation; and (c) all of their counsel~~. The Parties shall not give or disclose Confidential Information to any other person except as provided elsewhere in this Order. [AGR]

  3. The provisions of this Order shall not supersede the terms of the Protective Order entered by this Court on or about May 26, 2009, which governs the handling of documents produced pursuant to certain bank subpoenas respecting Defendants CTL Projects International, LLC, KB&M Projects International, LLC, KM & Associates International, LLC, and Kevin R. Kondas. See Docket at # 164. [This order does not supersede this court's prior protective orders. (Dkt Nos. 303, 304, 313, 330, 387.)] [AGR]

  4. The Parties may not disclose Confidential Information produced by the other Parties to any other party to this Litigation except in accordance with Paragraph 5. Should any party to this

1 Litigation who is not one of the Parties object to its terms, they may file a motion with the Court within
2 fifteen days following entry of this Order or within fifteen days following their first appearance in the
3 Litigation, whichever is later.

4     5. Any person receiving the Confidential Information subject to this Order and/or counsel for
5 any such person (collectively "Receiving Parties") may disclose the Confidential Information to
6 "Qualified Recipients," defined as follows:

7     a. The Receiving Parties' legal counsel of record, including such counsel's support
8 staff (e.g., paralegals, legal secretaries and law clerks);

9     b. Court personnel; ~~including stenographic reporters engaged in proceedings~~
10 ~~necessarily incident to the preparation for trial or trial of this matter;~~ [AGR]

11     c. Persons retained by the Receiving Parties' to serve as expert witnesses, consultants
12 and/or independent experts to provide advice to counsel in connection with this Litigation; and

13     d. Such other persons as hereinafter may be designated by written stipulation of the
14 party producing the confidential documents (the "Producing Party") and the Receiving Party seeking to
15 make the disclosure, or by further order of the Court.

16     6. Any Qualified Recipient [other than Court personnel] who receives any Confidential Information shall be subject to [AGR]
17 the terms of this Order.

18     7. Before any Receiving Party discloses any Confidential Information or its contents to any
19 person pursuant to the provisions of Paragraphs 5(c) and/or 5(d) above, counsel shall provide the person
20 to whom the disclosure is to be made with a copy of this Order, and shall require such person to signify in
21 writing that he or she has reviewed, and consents to be bound by, the terms hereof. This consent to the
22 terms of the Order shall be in the form attached hereto as Exhibit A.

23     8. Counsel for any Receiving Party desiring to disclose Confidential Information to any
24 person other than those specified in paragraph 5 above, shall, at least fifteen (15) days prior to making
25 such disclosure, deliver to the party which produced the Confidential Information a written notice of
26 intent to make such disclosure identifying fully the documents to be disclosed and the person to whom
27 the disclosure is to be made. Within ten (10) days after receipt of such written notice, the party which
28 produced the Confidential Information sought to be disclosed may object thereto in writing, stating

specifically the reasons why it believes the disclosure should not be made. If no objection is made in such time and manner, the Confidential Information may be disclosed to the person identified in the written notice. If an objection is timely made, the party seeking to prevent the disclosure may apply to the Court for an order prohibiting the disclosure.

9. If any party to this Litigation objects to the applicability of this Order to the Confidential Information, they may file a motion with the Court seeking an appropriate order.

10. The Confidential Information may be used for any legitimate purpose related to the Litigation, including amending or revising any claim or defense presented therein, pursuing further discovery, obtaining access to witnesses who may testify at the trial, or for review and analysis by any person who is expressly retained by the Receiving Party in this action to render legal assistance in the preparation of the case (e.g., experts).

11. Upon the conclusion of the trial of this Litigation, whether terminated by final judgment, settlement or otherwise, any and all Confidential Information produced as described above and any summaries or extracts of the same (whether in hard copy or stored electronically), shall be destroyed by the Receiving Party, after which the Receiving Party shall provide each other with a certification that all such documents have been destroyed.

12. Nothing contained in this Order shall be construed to prejudice the right of any Party or Receiving Party to file Confidential Information with the Court in connection with this Litigation or to use such documents at trial or any deposition, hearing or proceeding in this matter. [A party seeking to file] Any Confidential Information or its contents, including any discovery response or deposition transcript (including exhibits thereto), ~~which is filed with the Court~~ shall [comply with Local Rule 79-5.] ~~be filed under seal and shall remain sealed, unless counsel for the parties hereto agree in any particular instance that the Confidential Information in question need not be filed or maintained under seal.~~ ~~When filing Confidential Information under seal, the party shall comply with all statutes and rules of court.~~ [AGR]

13. ~~The Parties recognize that this Litigation involves complex issues regarding attorney-client privilege and the work product doctrine as a result of the Plaintiff and various defendants having been, at times, represented jointly by legal counsel prior to the filing of this Litigation.~~ [AGR] In order to avoid extensive discovery disputes, ~~as to such issues,~~ Plaintiff So has agreed to produce to the Parties certain

4

Stipulated Protective Order

documents to which ~~such privileges~~ **the attorney client privilege or work product doctrine** might arguably apply, subject to the conditions set out herein. It is hereby stipulated and agreed between the Parties that:

    a. Production of any document in this Litigation that may be subject to claims of attorney-client privilege and/or work product are made for purposes of this Litigation only and production thereof shall not constitute a waiver of the attorney-client privilege or work product protection as to any other document.

    b. By entering into this Stipulation and producing documents thereunder, Plaintiff does not intend to make and does not make any subject matter waiver of attorney-client privilege as to any attorney.

    c. By entering into this Stipulation and producing documents thereunder, Plaintiff does not intend to waive and does not waive any attorney-client privilege or work product protection as to any attorney who presently represents him or who represented him at any time after severance of Plaintiff's representation by Leonard Suchanek on or about February 1, 2008.

14. The parties acknowledge that documents related to prior litigation in the United Kingdom may be relevant to this Litigation and that such documents have been sought by parties to this case. ~~The parties agree to cooperate and take any and all steps reasonably necessary to comply with any protective orders in place in the prior litigation or with court procedures in the UK.~~

15. The inadvertent or unintentional disclosure by any Party of any documents or information protected by the attorney-client privilege, attorney work product protection, or any other applicable privilege or protection, shall not be deemed a waiver in whole or in part of that party's claim of privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Inadvertent or unintentional failure to designate, redact, withhold or otherwise protect privileged or protected information may be remedied by supplemental written notice sent to all parties within five working days after the Producing Party learns that privileged or protected material has been produced. If such notice is given, the subject documents or information, including all copies thereof, shall be immediately returned to the producing party and no person shall be entitled to use, refer to or rely upon such privileged or protected information for any purpose, unless and until such

person obtains an Order from the Court that such information is not privileged or protected for reasons other than the fact that the production or disclosure waived the privilege or protection in question.

16. Nothing in this Order shall be construed to relieve any party from the obligation to timely respond to discovery requests, nor shall this Order be construed as a waiver of the right to assert any objection to a discovery request.

17. The provisions of this Order may be modified only by a subsequent, written agreement of the Parties or by order of the Court.

SO ORDERED.

Dated: June 10, 2010

*Alicia G. Rosenberg*
The Honorable Alicia G. Rosenberg
Magistrate Judge, United States District Court

# CONSENT TO PROTECTIVE ORDER

I, _____, have read the attached Protective Order and consent to abide by its terms and to submit to the jurisdiction of the United States District Court, Central District of California, for the purpose of enforcement of said Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that thus Consent was executed on this _____ day of _____, 20___, at _____, _____.

_____
Signature

_____
Name

**EXHIBIT A**