O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN SO, | ) | Case No. CV 08-03336 DDP (AGRx) |
| Plaintiff, | )<br>) | **ORDER DENYING (1) DEFENDANTS'** |
| | ) | **MOTION TO DISQUALIFY PLAINTIFF'S** |
| v. | ) | **COUNSEL AND (2) PLAINTIFF'S** |
| | ) | **MOTION FOR RULE 11 SANCTIONS** |
| LAND BASE, LLC; UNIVEST | ) | |
| FINANCIAL SERVICES, INC.; | ) | [Motion filed on May 7, 2010, and |
| BORIS LOPATIN, individually | ) | June 11, 2010] |
| and d/b/a BORIS LOPATIN | ) | [Docket Numbers 345 and 397] |
| ASSOCIATES and CHARLES W. | ) | |
| WOODHEAD, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court on Moving Defendants'[1] Motion to Disqualify Plaintiff's Counsel and on Plaintiff's Motion for Rule 11 Sanctions.  Moving Defendants argue that Plaintiff's counsel should be disqualified due to their former representation of the defendant Lucy Lu ("Lu"), who has not joined in the motion. Plaintiff's counsel has moved for Rule 11 sanctions against Moving Defendants for filing the disqualification motion.  For the reasons set forth below, the Court DENIES both motions.

---

[1]Moving Defendants are Kevin R. Kondas, Mira Meltzer, KM&A Associates International, LLC, KB&M Projects International, LLC, and CTL Projects International, LLC.

**I. Background**

In 2004, Boras Lopatin of Land Base, LLC, introduced the plaintiff Kevin So ("Plaintiff") and Defendant Lu to the Private Placement Project, a purported investment opportunity that Plaintiff alleges was actually a Ponzi scheme. (Pl.'s Opp'n 4:10-12.).  In 2005, Plaintiff invested $30 million in the Private Placement Project managed by Defendant Michael Brown and Defendant 5th Avenue Partners ("5th Avenue").  (Defs.' Mot. 3:12-15.)  Lu served as Plaintiff's representative in dealings with Land Base, Brown, and 5th Avenue.  (Id. 3:15-17.)

Plaintiff has participated in several lawsuits to recoup his lost investment. (Id. 2:15-17.) In one such lawsuit, HSBC Bank PLC sued Michael Brown and 5th Avenue for fraud in London in 2005 ("U.K. Litigation").  (Id. 2:23-3:6.)  Plaintiff and Lu, among others, were named parties in the U.K. litigation, and Lu served as a witness in a related criminal proceeding against Brown and 5th Avenue in London.  (Id. 3:7-9.)  In the U.K. Litigation, investors in the Ponzi scheme- including Plaintiff and Lu- were represented by Nicholas Vineall, James Bowling, and Bivonas Ltd. ("U.K. Solicitors").  (Id. 3:20-21.)

The U.K. Solicitors retained an American attorney, former judge Leonard Suchanek ("Suchanek"), who was assisted by Defendant Mira Meltzer.  (Id. 4:5-9.)  In October 2007, the American law firm Kalbian Hagerty LLP ("Kalbian Hagerty") joined in the litigation efforts at Suchanek's suggestion.  (Id. 4:12-13.)  Suchanek secured Kalbian Hagerty's engagement on October 17, 2007, by assuring the firm that joint representation of Plaintiff and Lu was proper because their interests were completely aligned.  (Pl.'s Opp'n

1  6:22-26.)  On October 19, 2007, James Hagerty ("Hagerty") flew to
2  London to meet with Plaintiff and returned on October 21, 2007,
3  without having met Lu.  (<u>Id.</u> 7:4-8.)  After Kalbian Hagerty's own
4  investigation revealed ethical conflicts posed by the simultaneous
5  representation of Plaintiff and Lu, the firm sent a letter on
6  November 1, 2007, terminating the firm's representation of Lu in
7  the U.K. Litigation.  (<u>Id.</u> 7:9-20.)

8      Kalbian Hagerty presently represents Plaintiff in this action.
9  Moving Defendants filed this motion to disqualify Plaintiff's
10 counsel on the grounds that Kalbian Hagerty's prior representation
11 of Lu in the U.K. Litigation bars the firm from representing
12 Plaintiff in this action in which Lu is a defendant.

13 **II.   MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL**

14      **A.   Legal Standard**

15      "The requirements for Article III standing, necessary for any
16 party to seek relief from a federal court, are that the party have
17 personally suffered an 'injury in fact,' which is causally related
18 to the conduct in issue and redressable by a favorable decision of
19 the court."  <u>Colyer v. Smith</u>, 50 F. Supp. 2d 966, 968 (C.D. Cal.
20 1999) (quoting <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61
21 (1992)).  Standing doctrine also "embraces several judicially self-
22 imposed limits on the exercise of federal jurisdiction, such as the
23 general prohibition on a litigant's raising another person's legal
24 rights . . . ."  <u>Allen v. Wright</u>, 468 U.S. 737, 751 (1997).  In the
25 context of a disqualification motion, the "majority view is that
26 only a current or former client of an attorney has standing to
27 complain of that attorney's representation of interests adverse to
28 that current or former client."  <u>Coyler</u>, 50 F. Supp. 2d at 969.  In

3

the leading case on point, In re Yarn Processing Patent Validity
Litig., 530 F.2d 83, 88 (5th Cir. 1976), the Fifth Circuit held
that "[a]s a general rule, courts do not disqualify an attorney on
the grounds of conflict of interest unless the former client moves
for disqualification." See also, e.g., O'Connor v. Jones, 946 F.2d
1395 (8th Cir. 1991) (holding prison inmate lacked Article III
standing to move to disqualify the state's retained counsel).  "To
allow an unauthorized surrogate to champion the rights of the
former client would allow that surrogate to use the conflict rules
for his own purposes where a genuine conflict might not really
exist."  Id. at 90.

However, "where the ethical breach so infects the litigation
in which disqualification is sought that it impacts the moving
party's interest in a just and lawful determination of her claims,
she may have the constitutional standing needed to bring a motion
to disqualify based on a third-party conflict of interest . . . ."
Coyler, 50 F. Supp. 2d at 971.  Because courts also have the
inherent power to control the conduct of attorneys practicing
before them, another exception to the general rule against third-
party standing may exist when the ethical violation is so "manifest
and glaring" or "open and obvious" that it "confront[s] the court
with a plain duty to act."  In re Yarn Processing, 530 F.2d at 88-
89.

A breach of the attorney's duty of confidentiality to a former
client "is not a legally cognizable interest" of a third party
"because the only injury that results from the breach of
confidentiality is personal to" the former client.  Coyler, 50 F.
Supp. 2d 966.  Likewise, the argument that a breach of

4

confidentiality "will increase [the third party's] chances of losing the lawsuit" is too abstract to be legally cognizable.  Id.  These standing requirements guard against "the strategic exploitation of the rules of ethics long disfavored by the Courts."  Id. (citing Optyl Eyewear Fashion Int'l v. Style Cos., 760 F.2d 1045, 1050 (9th Cir. 1985)).  "The cost and inconvenience to clients and the judicial system from misuse of the rules for tactical purposes is significant.  Because of this potential for abuse, disqualification motions should be subjected to 'particularly strict judicial scrutiny.'" Optyl Eyewear, 760 F.2d at 1050 (quoting Rice v. Baron, 456 F. Supp. 1361, 1370 (S.D.N.Y. 1978)).

**B.   Analysis**

Moving Defendants argue that Kalbian Hagerty's former representation of Lu in the U.K. Litigation provides Plaintiff with an "unfair tactical advantage" and "undoubtedly places these Defendants at a disadvantage when the time for trial arrives." (Defs.' Mot. 10:16-21.)  Plaintiff argues that Kalbian Hagerty did not actually represent Lu and that even if it did, Moving Defendants lack standing to move for disqualification.  Assuming for the sake of argument that Kalbian Hagerty represented Lu, the Court agrees that Moving Defendants' lack standing to move for the firm's disqualification.

The claim that Khalbian Hagerty's representation of Lu will provide Plaintiff with a tactical advantage in this lawsuit is not legally cognizable, as every litigant has a general tactical interest in prevailing in the litigation. Coyler, 50 F. Supp. 2d at 973.  In addition, any potential breach of confidentiality

1   affects only Lu's rights, and not the Moving Defendants' interests.
2   Id.

3        In addition, neither of the two potential exceptions to the
4   general rule against third-party standing for disqualification
5   motions applies.  Kalbian Hagerty became engaged in the U.K.
6   Litigation through Lu's counsel Suchanek and was not directly
7   contacted by Lu regarding this representation.  (Hagerty Decl. ¶
8   12-16.)  During the two week period that Kalbian Hagerty
9   represented Lu, from October 17, 2007 to November 1, 2007, the
10  firm's attorneys only spoke and emailed with Lu once.  (Pl.'s Opp'n
11  8:1-9.)  Kalbian Hagerty contends that during this brief period the
12  firm never received any confidential information regarding Lu and
13  that Suchanek only provided the firm with court papers, witness
14  statements, and legal documents regarding efforts to obtain liens
15  on Michael Brown's assets.  (Hagerty Decl. ¶ 33.)  Kalbian
16  Hagerty's own investigation led to the firm's quick realization
17  that joint representation of Plaintiff and Lu would be unethical
18  given Suchanek and Lu's misrepresentations and the firm proceeded
19  quickly to terminate its representation of Lu.  Given the very
20  limited scope and duration of any representation of Lu, the Court
21  finds that this conduct is not so "manifest or glaring" as to
22  confront the court with "a plain duty to act."  In re Yarn
23  Processing, 530 F.2d at 88-90.  Nor does Kalbian Hagerty's brief
24  representation of Lu so "infect[] the litigation" as to "impact[]
25  the moving party's interest in a just and lawful determination of
26  [their] claims . . . ."  Coyler, 50 F. Supp. 2d at 971.

27       Since the local firm Miller Baroness did not formerly
28  represent any of the defendants in this case and Kalbian Hagerty's

1 actions are insufficient to infect the overall fairness of the

2 litigation, disqualification of Miller Barondess is also

3 inappropriate.

4      Accordingly, the Court DENIES Moving Defendants' Motion to

5 Disqualify Kalbian Hagerty and Miller Barondess.

6 **III. PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS**

7      Plaintiff's Motion for Rule 11 Sanctions asserts that

8 Defendants' Motion to Disqualify Kalbian Hagerty is frivolous and

9 was filed for the improper purpose of harassing Plaintiff, delaying

10 the adjudication of his claims, and needlessly increasing

11 litigation expenses.

12      **A. Legal Standard**

13      Federal Rule of Civil Procedure 11 permits sanctions against a

14 party and his or her counsel for filings papers with the court that

15 are: 1) legally or factually baseless from an objective

16 perspective; and 2) demonstrate counsel's lack of a reasonable and

17 competent inquiry before signing and filing the document.  Fed. R.

18 Civ. P. 11(b); Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th

19 Cir. 2002).  To survive a charge of frivolousness, the pleader

20 "must have a 'good faith argument' for his or her view of what the

21 law is, or should be.  A good faith belief in the merit of a legal

22 argument is an objective condition which a competent attorney

23 attains only after 'reasonable inquiry.'"  Zaldivar, 780 F.2d at

24 831.

25      A district court may also impose Rule 11 sanctions for papers

26 filed frivolously or for an improper purpose.  Fed. R. Civ. P.

27 11(b)(1)-(2); G.C. & K.B. Investments, Inc. v. Wilson, 326 F.3d

28 1096, 1109 (9th Cir. 2003).  Filing papers with the court to harass

1   opposing counsel, cause unnecessary delay, or needlessly increase

2   the cost of litigation constitutes an improper purpose.  Fed. R.

3   Civ. Pro. 11(b)(1).  Sanctions for papers filed frivolously or for

4   an improper purpose are governed by the objective reasonableness

5   standard, based on the conduct of a competent attorney admitted to

6   practice before the district court.  <u>Zaldivar v. City of Los</u>

7   <u>Angeles</u>, 780 F.2d 823, 830-31 (9th Cir. 1986).

8        Rule 11 sanctions are designed to "reduce frivolous claims,

9   defenses or motions and to deter costly meritless maneuvers,

10  thereby avoiding delay and unnecessary expense in litigation."

11  <u>Christian</u>, 286 F.3d at 1127 (internal quotation omitted).  "The

12  court may sanction counsel for making a motion to disqualify

13  opposing counsel where no evidence or facts are presented

14  justifying the motion."  <u>In re Marvel</u>, 251 B.R. 869, 871 (Bankr.

15  N.D. Cal. 2000).  "To be justified, a motion to disqualify must be

16  based on present concerns and not concerns which are merely

17  anticipatory and speculative."  <u>Id.</u>  Attorneys cannot "avoid the

18  sting of Rule 11 sanctions by operating under the guise of a pure

19  heart and empty head."  <u>Zuniga v. United Can Co.</u>, 812 F.2d 443, 452

20  (9th Cir. 1987).

21       **B. Analysis**

22       The Court concludes that Moving Defendants had a good faith

23  argument for filing the Motion to Disqualify, that the motion was

24  not filed for an improper purpose, and that there is no basis for

25  sanctions.

26       Under an objective standard of reasonableness "[t]he key

27  question in assessing frivolousness is whether a complaint states

28  an arguable claim – not whether the pleader is correct in his

8

perception of the law." <u>Hudson v. Moore Bus. Forms, Inc.</u>, 836 F.2d 1156, 1159 (9th Cir. 1987).  Defendants had proof of Kalbian Hagerty's engagement as Lu's attorney during the U.K. Litigation before filing the disqualification motion.  <u>Contra</u> <u>Adriana Int'l. Corp. v. Thoeren</u>, 913 F.2d 1406, 1416 (9th Cir. 1990) (permitting Rule 11 sanctions for a motion to disqualify counsel when there was no factual evidence of prior representation).  While a non-client must make a strong showing in order to establish standing to raise a disqualification motion, two exceptions may exist that permit third-party standing.  <u>See</u> <u>In re Yarn Processing</u>, 530 F.2d at 88-90 (finding an exception when ethical violations are "manifest and glaring" or so "open and obvious [which] confronted the court with a plain duty to act."); <u>Colyer</u>, 50 F. Supp. 2d at 971 (noting an exception when "the ethical breach so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of her claims.").  Therefore, the Defendants' proof of Kalbian Hagerty's former representation of Lu, combined with the lack of Ninth Circuit precedent on non-client standing, provided Moving Defendants with a reasonable basis for filing the disqualification motion.  The fact that "one argument or sub-argument in support of an otherwise valid ... paper is unmeritorious does not warrant a finding that the motion or pleading is frivolous ...." <u>Golden Eagle Distrib. Corp. v. Burroughs Corp.</u>, 801 F.2d 1531, 1541 (9th Cir. 1986).

Additionally, it does not appear that Moving Defendants brought forth the Motion to Disqualify solely for the improper purpose of harassing Plaintiff and his counsel, delaying the adjudication of Plaintiff's claims, and needlessly increasing

1   litigation expenses.  Plaintiff argues that the fact that the
2   motion was filed so late in this litigation evidences a malicious
3   intent sufficient to warrant Rule 11 sanctions.  However, as Moving
4   Defendants' point out, Lu was added as a defendant to this suit in
5   the First Amended Complaint filed on January 1, 2009, but has not
6   submitted to the Court's jurisdiction and has not participated in
7   the defense against Plaintiff's claims.   On April 19, 2010, in
8   response to discovery requests, Kalbian Hagerty produced the firm's
9   privilege log, which asserted that certain communications to which
10  Lu was a party were privileged.  After contacting Lu and verifying
11  her former attorney-client relationship with Kalbian Hagerty,
12  Defendants filed the Motion to Disqualify on May 7, 2010, eighteen
13  days after obtaining the privilege log and approximately four and a
14  half months prior to the postponed trial date of September 21,
15  2010.  Lu's lack of participation in the case hindered Moving
16  Defendants' ability to conclusively prove former representation by
17  Kalbian Hagerty.  Therefore, there is simply insufficient proof
18  that Moving Defendants' filed the disqualification motion with an
19  intent to harass or delay warranting Rule 11 sanctions.

20  **III. Conclusion**

21      For the reasons set forth above, the Court DENIES Moving
22  Defendants' Motion to Disqualify and DENIES Plaintiff's Motion for
23  Rule 11 Sanctions.

24  IT IS SO ORDERED.

25

26

27  Dated: August 4, 2010

                                        DEAN D. PREGERSON
28                                      United States District Judge

                                   10