O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SO,<br><br>                Plaintiff,<br><br>   v.<br><br>LAND BASE, LLC; UNIVEST FINANCIAL SERVICES, INC.; BORIS LOPATIN, individually and d/b/a BORIS LOPATIN ASSOCIATES and CHARLES W. WOODHEAD,<br><br>                Defendants. | Case No. CV 08-03336 DDP (AGRx)<br><br>**ORDER (1) GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL OPPOSITION AND (2) DENYING DEFENDANTS' EX PARTE APPLICATION TO FILE AN AMENDED ANSWER** |

**I.  BACKGROUND**

On August 13, 2010, the Court issued an order denying a motion for summary judgment filed by the defendants Univest and Moritz. The Court held that Plaintiff had "adequately stated a claim for relief based upon the fraudulent transfer of funds to Defendants," citing California's Uniform Fraudulent Transfer Act ("UFTA"), Cal. Civ Code § 3439.  The Court noted that "[a]lthough the [Second Amended Complaint] does not expressly mention the UFTA, notice pleading requires plaintiff to set forth in his complaint claims

for relief, not causes of action, statutes, or legal theories. (Order 8:26-9:1 (quotation marks and citation omitted).) Furthermore, the Court held that because Univest and Moritz did not contest that the Private Placement Project was a Ponzi scheme (or that they had received money transfers from Brown after Plaintiff invested in the Ponzi scheme), Plaintiff had established actual fraud under the UFTA and "as a matter of law, Plaintiff is entitled to recover any profits realized by Univest via the Private Placement Project," subject only to the good faith defense. (Id. 11:20-28.)

On September 7, 2010, Univest, Moritz, and Gerschel filed an ex parte application for leave to amend their answers in order to assert the statute of limitations as a defense to Plaintiff's UFTA claim. Plaintiff opposes the application on the grounds that the amendment would be futile, and has submitted an ex parte application requesting the court to consider additional opposition briefing.

**II. DISCUSSION**

The initial fraudulent transfer in this case was a transfer from Brown to Univest that occurred on April 22, 2005. Subsequently, Univest transferred funds to Moritz and Gerschel. Plaintiff's Complaint in this case, filed on May 20, 2008, names Univest as a Defendant. However, Plaintiff did not name Gerschel or Moritz as Defendants until July 16, 2009, when Plaintiff filed the Second Amended Complaint. The basis for Defendants' motion is apparently that the statute of limitations had run as to Gerschel and Moritz by the time Plaintiff named them in this action.

///

2

The statute of limitations on a UFTA claim is "four years after the transfer or, if later, one year after the transfer was or could reasonably have been discovered by the claimant . . . ." Cortez v. Vogt, 60 Cal. Rptr. 2d 841, 846-47 (Ct. App. 1997). The relevant fraudulent transfer for statute of limitations purposes is the initial fraudulent transfer, not any subsequent transfer. Because it is clear that Plaintiff was on notice of the April 22, 2005 transfer by May 20, 2008, when he filed the Complaint in this case, it would initially appear that the statute of limitations had run as to Moritz and Gerschel, as they were not named in this lawsuit until more than four years after the transfer and more than one year after the transfer was discovered.

However, in Cortez, the court held that "the remedies of the UFTA and its predecessor, the Uniform Fraudulent Conveyance Act, are cumulative to the remedies applicable to fraudulent conveyances that existed before the uniform laws went into effect." Id. at 848. With respect to those preexisting remedies, "the California Supreme Court has held that the limitations period begins to run at the time of judgment [against the debtor] in the underlying action, but if the creditor is unaware of the fraudulent conveyance, the limitations period begins to run when the creditor discovers the fraudulent conveyance." Id. at 848-49. "A key feature of the UFTA is that a creditor is permitted, but not required, to maintain an action to annul a fraudulent conveyance <u>before his debt has matured</u>." Id. at 849 (emphasis added). In other words, it is optional but "no longer necessary that a creditor reduce his claim to judgment before seeking the benefit of the remedy." Id. (quotation marks and citation omitted). The court therefore held

3

that "the fact that the creditor may pursue the unmatured claim to judgment, followed by a suit to set aside the fraudulent transfer, suggests it would be inappropriate to begin the running of the limitations period for the fraudulent transfer action before the creditor choosing to pursue a judgment actually obtains a judgment." Id. at 850.

The court has since clarified that Cortez "analysis supports the conclusion that section 338(d)'s [three year] statute of limitations applies equally to litigation, such as this, timely commenced after entry of a court order that first establishes the existence of a creditor-debtor relationship, although outside of the period of limitations established by the UFTA." Macedo v. Bosio, 104 Cal. Rptr. 2d 1, 6 n.6. This is because a common law action to set aside a fraudulent transfer is subject to the catchall three-year statute of limitations provided in Cal. Code Civ. P. § 338(d), and the UFTA is cumulative of such remedies.

In this case, Plaintiff indeed elected to sue the debtor, Michael Brown, and obtained a judgment against Brown on October 23, 2006. Distilling Macedo, 104 Rptr. 2d at 6, and Cortez, 60 Cal. Rptr. 2d at 847, the court concludes that the applicable statute of limitations is three years from entry of judgment, or October 23, 2009. Because Plaintiff named Univest, Moritz, and Gerschel in this suit by no later than July of 2009, the Court concludes that the claims are clearly not time-barred. As a result, the proposed amendment would be futile.

///

///

///

4

**III. CONCLUSION**

    For the foregoing reasons, the Court GRANTS Plaintiff's ex parte application to submit supplemental briefing and DENIES Defendants' ex parte application for leave to amend their answers.

IT IS SO ORDERED.

Dated: October 1, 2010

DEAN D. PREGERSON
United States District Judge

5