O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN SO, | ) | Case No. CV 08-03336 DDP (AGRx) |
| Plaintiff, | ) | **ORDER GRANTING PLAINTIFF's MOTION FOR ENTRY OF JUDGMENT AS TO KONDAS DEFENDANTS** |
| v. | ) | |
| LAND BASE, LLC; UNIVEST FINANCIAL SERVICES, INC.; BORIS LOPATIN, individually and d/b/a BORIS LOPATIN ASSOCIATES and CHARLES W. WOODHEAD, | ) | [Motion filed on October 25, 2010] |
| Defendants. | ) | |

Presently before the court is Kevin So's ("Plaintiff") Motion for Entry of Judgment as to Kondas Defendants pursuant to Federal Rules of Civil Procedure 54(b) and in accordance with the court's order dated September 2, 2010, which granted summary judgment in favor of Kevin Kondas, Mira Meltzer, KM & Associates International, KB & M Projects International, and CTL Projects International (collectively "Kondas Defendants"). Plaintiff seeks entry of judgment in order to appeal the court's September 2, 2010, order. Kondas Defendants oppose Plaintiff's motion. Kondas Defendants argue that permitting an appeal of the court's award of summary

judgment in favor of Kondas Defendants alone would result in piecemeal litigation. After reviewing the parties' moving papers and hearing oral argument, the court is inclined to GRANT the motion.

**I.  BACKGROUND**

Plaintiff has participated in several law suits to recoup a $30 million investment he made in 2005 in an entity called the Private Placement Project, which turned out to be a Ponzi scheme. In one such suit, Plaintiff filed a complaint against Kondas Defendants as well as other defendants. In May 2010, Kondas Defendants moved for summary judgment. Kondas Defendants argued that a three-year statute of limitations applied to all of Plaintiff's claims against them and that Plaintiff's claims were therefore time-barred. On September 2, 2010, the court agreed and granted the Kondas Defendants' motion for summary judgment. The court's order, however, did not result in a judgment because Plaintiff had continuing claims against remaining defendants.

Now, Plaintiff requests a stay with respect to the remaining defendants and an entry of judgment as to the Kondas Defendants in order to pursue an interlocutory appeal of the court's September 2, 2010, grant of summary judgment. Plaintiff argues that the circumstances of this case are sufficient for purposes of Rule 54(b) to stay the trial against the remaining defendants and that no prejudice will issue with respect to the Kondas Defendants. In particular, Plaintiff argues that if the court does not stay all proceedings with respect to the remaining defendants and permit Plaintiff to appeal the court's order, the end result would likely be one trial now against the remaining defendants and another trial

involving substantially similar facts following remand. This result, Plaintiff contends, "would be both impractical and unduly prejudicial to Plaintiff." (Pl's Motion 2:16-17.) Defendants argue that permitting appeal "would render the federal policy against piecemeal litigation meaningless." (Def.'s Opp'n 1:27-28.)

**II.  Legal Standard**

Federal Rule of Civil Procedure 54(b) provides in relevant part:

> when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b).

**II.  Discussion**

As a general rule, an order granting a motion for summary judgment is a final judgment for purposes of Rule 54(b). See, e.g., SEC v. Platforms Wireless Intern. Corp, 617 F.3d 1072, 1084-85 (9th Cir. 2010). However, an order that adjudicates fewer than all claims of all parties is not final. Chacon v. Babcock, 640 F.2d 221, 222 (9th Cir. 1981). Appeal of such orders may proceed only upon adjudication of the remaining claims or certification by the court pursuant to Rule 54(b). Fed. R. Civ. P. 54(b); Special Investments, Inc. v. Aero Air, Inc., 360 F.3d 989, 993 (9th Cir. 2004). Rule 54(b) permits a district court to enter judgment on "fewer than all" claims or parties where there is "no just reason for delay." Fed.R.Civ.P. 54(b); Am. States Ins. Co. v. Dastar Corp., 318 F.3d 881, 889-90 (9th Cir. 2003). A properly entered

Rule 54(b) judgment is a "final" appealable judgment for purposes of 28 U.S.C. § 1291. Id.

In considering whether there is "no just reason for delay," the court is mindful of "such factors as the interrelationship of the claims as to prevent piecemeal appeals." SEC, 617 F.3d at 1084 (quoting AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 954 (9th Cir. 2006)). The court takes "a pragmatic approach with [a] focus on severability and efficient judicial administration." Id. (internal quotation marks and citation omitted). The court "must take into account judicial administrative interests as well as the equities involved," and "consider such factors as whether the claims under review were separate from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 7-13 (1980). The Ninth Circuit has, for example, held that the entry of default judgment as to only some defendants in an action is improper in circumstances in which the defendants have closely related defenses or are otherwise similarly situated. See Nielson v. Chang, 253 F.3d 520, 532 (9th Cir. 2001).

Here, the court granted summary judgment to Kondas Defendants because the court determined that Plaintiff's claims with respect to the Kondas Defendants were time-barred. The court's order was not applicable to claims against the remaining defendants, nor was the Kondas Defendants' statute of limitations defense shared with the remaining defendants. Indeed, the statute of limitations

4

defense that was the basis for the summary judgment order as to the Kondas Defendants is completely severable from other issues in the case.  Thus, there is little risk of piecemeal appeal of this issue.  Because the issues involved in the Kondas Defendants' statue of limitations defense applied only to the Kondas Defendants, there is no risk of multiple appeals arising from other defendants later litigating the same legal issue against Plaintiff.  And, the claims disposed of by the grant of summary judgment completely extinguished the liability of Kondas Defendants as to Plaintiff's claim.  See Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1525 (9th Cir. 1987).  Furthermore, the facts in common between all defendants on all other issues council in favor of a single trial of all defendants.  Separate trials against the multiple defendants who share interrelated facts would be repetitive and not in the interest of judicial economy.

In sum, the court is satisfied that the basis upon which summary judgment was granted in favor of Kondas Defendants is sufficiently discrete from the remaining issues in the case that entry of a separate judgment in their favor is not likely to result in duplicative appellate review.  Defendants have also not demonstrated that allowing an immediate appeal to go forward, as opposed to entering final judgment following resolution of Plaintiff's claims with respect to the remaining defendants, would prejudice Defendants.

**III. Conclusion**

For the foregoing reasons, the court concludes that there is no just reason for delay and final judgment shall enter pursuant to Rule 54(b) in favor of the Kondas Defendants.  Accordingly, the

court STAYS the case before the court as to all defendants and GRANTS Plaintiff's Motion for Entry of Judgment in favor of Kondas Defendants in accordance with the court's September 2, 2010, summary judgment order.

Defendants are awarded costs.

IT IS SO ORDERED.

Dated: November 24, 2010

DEAN D. PREGERSON
United States District Judge